B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>KENT RIES, Trustee of the Estates of Michael Stephen Galmor and Galmor's/G&G Steam Service, Inc. | **DEFENDANTS**<br>Michael Stephen Galmor, Randy Mark Galmor, Leslie Donnette Galmor Pritchard, Traci Marie Galmor Coleman, Galmor Family Limited Partnership and Great Plains Bank |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Kent Ries<br>2700 S. Western St., Suite 300<br>Amarillo, Texas 79109 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Recover debt, Declaratory Judgment, Injunctive relief.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $2,400,000.00 |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>MICHAEL STEPHEN GALMOR and G&G STEAM SERVICE | BANKRUPTCY CASE NO.<br>18-20209 and 18-20210 | |
| DISTRICT IN WHICH CASE IS PENDING<br>NORTHERN | DIVISION OFFICE<br>AMARILLO | NAME OF JUDGE<br>JONES |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>8/30/19 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kent Ries | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Kent Ries
State Bar No. 16914050
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440 - Fax
COUNSEL FOR TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. _____ |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY MARK GALMOR, LESLIE DONNETTE GALMOR PRITCHARD, TRACI MARIE GALMOR COLEMAN, GALMOR FAMILY LIMITED PARTNERSHIP and GREAT PLAINS BANK, | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

**ORIGINAL COMPLAINT -PAGE 1**

Kent Ries, Trustee in these two bankruptcy cases ("Trustee"), complains against Defendants, Michael Stephen Galmor, Randy Mark Galmor, Leslie Donnette Galmor Pritchard, Traci Marie Galmor Coleman, Galmor Family Limited Partnership and Great Plains Bank (collectively "Defendants") as follows:

# I.
# PARTIES

1. Defendant, Michael Stephen Galmor ("Debtor"), is an individual domiciled in Texas and may be serviced with process through his attorney, Pat Swindell at 106 S.W. 7th Avenue, Amarillo, Texas 79101 and/or Joe Lovell at 112 W. 8th Avenue, Suite 1000, Amarillo, Texas 79101.

2. Defendant, Randy Mark Galmor ("Galmor"), is an individual domiciled in Texas and may be serviced with process through his attorney, Todd Hatter, at 821 S.W. 9th Avenue, Amarillo, Texas 79101.

3. Defendant, Leslie Donnette Galmor Pritchard ("Pritchard"), is an individual domiciled in Texas and may be serviced with process through her attorney, Collin Wynne, at 1001 S. Harrison, Suite 200, Amarillo, Texas 79101 and/or Jeff Carruth at 3030 Matlock Rd., Suite 201, Arlington, Texas 76015.

4. Defendant, Traci Marie Galmor Coleman ("Coleman"), is an individual domiciled in Texas and may be serviced with process through her attorney, Kenneth Netardus, Stockard, Johnston & Brown, P.C., at 1800 Washington St., Suite 307, Amarillo, Texas 79102.

5. The four individuals above are collectively referred to as the "FLP Owners".

6.    Defendant, Galmor Family Limited Partnership ("FLP"), is a limited partnership, which may be served with process by serving its registered agent Michael Stephen Galmor, referenced above.

7.    Defendant, Great Plains Bank ("Bank"), is a Texas state charted bank, which may be served with process by serving its attorney, Johnathan Hinders, Mullin Hoard & Brown, at 500 S. Taylor, Suite 800, Amarillo, Texas 79101.

## II.
## PROCEDURE

8.    This is a core proceeding under 28 U.S.C. §157(b)(2)(A),(N)&(O). This is an Adversary proceeding under Bankruptcy Rule 7001(1), (4), (7)&(9)

## III.
## BANKRUPTCY CASES

9.    Debtors filed for relief under Chapter 11 of the United States Bankruptcy Code on June 19, 2018 and converted to Chapter 7 cases on January 8, 2019. Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estates.

## IV.
## RELEVANT FACTS

10.    The FLP owns in excess of $3,000,000.00 of real estate in the Texas panhandle. The FLP owes the Bank approximately $600,000.00, secured by liens on some or all of the FLP assets. The FLP owes the bankruptcy estates approximately $2,400,000.00 as an unsecured creditor. The FLP Owners have generally agreed at a mediation on June 11, 2019 to liquidate the FLP assets, to pay all its claims and distribute the equity to themselves as the owners of the FLP.

11.    A closing set for August 28, 2019 of two tracts of FLP real estate, sufficient in value to pay off the Bank, has failed to occur due to a variety of family issues. The family has

been engaged in multiple lawsuits in the past few years, including a probate contest, management of entity dispute and an adversary proceeding in the bankruptcy case. The closing was timed to precede a foreclosure set by the Bank for Tuesday, September 3, 2019.

## V.
## COUNT 1 - SUIT ON DEBT

12. According to the sworn schedules of Michael Stephens Galmor, Schedule B, Number 30 the FLP is indebted to his bankruptcy Estate in the total amount of $1,310,807.00.

13. According to the sworn schedules of Galmor's/G&G Steam Service, Inc., Schedule B, Number 74 the FLP is indebted to its bankruptcy Estate in the total amount of $1,096,051.32.

14. The Trustee is entitled to a judgment for each respective Estate for these amounts owed. The Trustee is also entitled to legal fees, interest and court costs incurred in the collection of these debts.

15. Both sets of sworn schedules described above were signed under penalty of perjury by Michael Stephen Galmor. Michael Stephen Galmor is the only party who can speak on behalf of the FLP as its management. Therefore, the Trustee asserts that the FLP is barred by principles of res judicata and collateral estoppel from disputing this debt owed to the bankruptcy Estates

## VI.
## COUNT 2 - MANAGEMENT OF THE FLP

16. The FLP is currently being managed by the Debtor. That has been the case since his father's death on April 3, 2013. The Trustee believes it is in the best interest of all parties that the Debtor continues in this role. The FLP has operational and financial responsibilities that the Debtor is familiar with and capable of performing. The Debtor should be reasonably compensated by the FLP for his efforts in performing these functions.

17. However, the Trustee is requesting that the Debtor be required to obtain the Trustee's consent to sell any assets in excess of $4,000.00 in value or to incur any debt in excess of $2,000.00. Further, the Trustee is requesting this Court grant the Trustee the authority to sell any or all of the FLP assets, subject to Court approval, after notice to the parties in this adversary, as generally outlined in Bankruptcy Code § 363. Finally, the Trustee is requesting this Court grant the Trustee authority to sign all documents necessary to close any such sales.

## VI.
## COUNT 3 - INJUNCTION

18. The FLP real estate closing scheduled for August 28, 2019 has not occurred and may not occur without this Court's intervention. The Bankruptcy foreclosure set for next Tuesday, September 3, 2019, is likely to significantly, and negatively, affect the value of multiple FLP assets. The Bank is entitled to full payment of its over secured debt. The Bank has also been exceptionally patient with the FLP Owners during the course of all their family litigation. The Trustee wants to pay the Bank's debt in full as soon as possible.

19. However, to protect the value of the FLP assets, which would directly affect the ability of the FLP to pay the debt it owes to the Bankruptcy Estates, the Trustee is requesting a stay of the September 3, 2019 foreclosure. The Trustee seeks no affirmative claims against the Bank.

20. The Bank has agreed in principle to an injunction. The Trustee and the Bank will work towards a permanent resolution that includes granting the Trustee authority to sell FLP assets and direct full payment towards the Bank's debt.

**WHEREFORE, PREMISES CONSIDERED**, the Trustee, respectfully requests this Court grant relief consistent with the above claims, and for such other and further relief this Court deems is just and proper.

Respectfully submitted,

Kent Ries, Attorney at Law
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440-Fax

By: /s/ Kent Ries
    Kent Ries
    State Bar No. 16914050

COUNSEL FOR TRUSTEE