Kent Ries
State Bar No. 16914050
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440 - Fax
COUNSEL FOR TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 19-2006 |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY MARK GALMOR, LESLIE DONNETTE GALMOR PRITCHARD, TRACI MARIE GALMOR COLEMAN and GALMOR FAMILY LIMITED PARTNERSHIP, | § | |
| Defendants. | § | |

## MOTION TO SEVER CLAIM

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

COMES NOW, Kent Ries, Trustee ("Trustee") of the referenced Chapter 7 bankruptcy estates and Plaintiff in this Adversary Proceeding files this Motion to Sever Count 1 from this adversary proceeding and allow it to be prosecuted as a new adversary proceeding in this Court, and in support thereof would respectfully show unto the Court as follows:

1. This Adversary Proceeding was filed on August 30, 2019 by the Trustee with three counts. Count 3 requested injunctive relief to stop a foreclosure scheduled days after the Adversary Proceeding was filed. That Count was resolved by an Agreed Order entered on August 30, 2019 and the later sale of the debt by the Great Plains Bank to Leslie Pritchard. The Great Plains Bank was dismissed as a defendant in this Adversary Proceeding by the Trustee via a Notice of Dismissal filed on September 13, 2019.

2. Count 2 requested this Court's supervision of the sale of assets of the Defendant, Galmor Family Limited Partnership ("GFLP"). This Count has been resolved by an agreement of all the answering parties to that issue and an agreed judgment that is being presented to this Court concurrently with this Motion. Further, the parties would like that agreed judgment to fully resolve this Adversary Proceeding by severing out the final claim remaining in this Adversary Proceeding.

3. Count 1 requested a judgment in favor of the Plaintiff against the Defendant, GFLP. No other parties are part of Count 1. Count 1 remains a disputed matter between these two parties and will likely require discovery, and other pre-trial matters, before any resolution or trial will occur. As above, all the answering parties prefer severing this claim from the current adversary proceeding so that a judgment can be entered in the current adversary proceeding.

4. Severance of claims is allowed by Federal Rules of Civil Procedure Rule 21, which is adopted by Bankruptcy Rule 21. Rule 21 gives the Court broad discretion to sever

separate and discrete claims, such as in this proceeding.  See, e.g. Turner Grain Merch., Inc. v. Ltd Farms P'ship (In re Turner Grain Merch., Inc. 541 Bankruptcy 261, 270 (E.D.Ark, 2016).

5. The Turner Court laid out the factors in determining whether severance is proper, including "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof", and whether the parties are prejudiced if the motion is granted or not granted.  Id. at 271.

6. All these factors 'weigh' in favor of severance in this case.  The two remaining counts in the adversary proceeding have little in common with one another.  One count is a suit on debt by the Trustee against the GFLP only.  The other count relates to the liquidation and management of the GFLP, which includes all the GFLP equity owners as parties.  The latter count has been agreed to by the GFLP equity owners (the individual Defendants) who have answered the adversary proceeding and the Plaintiff.  Whether the Plaintiff has a claim against the GFLP is not significant to the liquidation count, other than to assert the Plaintiff's standing as a creditor, along with as an owner.  Further, even as to the standing issue there is a no dispute, as while the amount of the claim is in dispute, no dispute exists that the Plaintiff has some claim against the GFLP as a creditor, let alone as an owner.

7. Also significantly in favor of a severance is the fact that the proof on the two counts is nearly entirely separate from one another.  Substantial documentation and testimony will be needed for the severed claim on debt, but that evidence relates to the debt itself.  The liquidation claim relates to all parties rights to the GFLP property, and how it should be operated, managed and liquidated.  Further, the answering parties have agreed to this count, which obviates the need for any discovery or other pre-trial matters in the retained count.

8.      Finally, no party opposes the severance, and all answering parties believe it is in the best interest of everyone to focus the litigation on the remaining count, while liquidating the GFLP.  See e.g. In re Powerburst Corp. 154 Bankruptcy 307 (E.D.Ca. 1993).  Severance is the proper remedy to simplify the litigation and make it more convenient for the parties.  The litigation will be significantly streamlined by this severance as the severed claim to be litigated will include only the GFLP as a Defendant, while the claim retained in this adversary proceeding will resolve all claims against the individual Defendants

9.      A copy of the proposed Adversary Proceeding that would be severed into a new cause is attached hereto and incorporated herein for all purposes.

**WHEREFORE PREMISES CONSIDERED,** Kent Ries, Trustee herein, requests Count 1 be severed into a new Adversary Proceeding, be given a new trial date and pre-trial calendar, and that Count 2 remain in this Adversary Proceeding for final resolution, and for such relief, at law or in equity, to which the Trustee may show himself justly entitled.

Respectfully submitted,

Kent Ries, Attorney at Law
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440-Fax

By: _/s/ Kent Ries_____
    Kent Ries
    State Bar No. 16914050

COUNSEL FOR TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2020, a true and correct copy of the Motion was sent either electronically via ECF or mailed in the United States mail, postage prepaid, to the parties listed below:

Pat Swindell
106 S.W. 7th
Avenue Amarillo,
Texas 79101

Davor Rukavina
Munsch, Hardt, Kopf & Harr
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659

  /s/ Kent Ries
Kent Ries

Kent Ries
State Bar No. 16914050
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440 - Fax
COUNSEL FOR TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. _____ |
| | § | |
| GALMOR FAMILY LIMITED PARTNERSHIP, | § | |
| | § | |
| Defendant. | § | |

### ORIGINAL COMPLAINT

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

Kent Ries, Trustee in these two bankruptcy cases ("Trustee"), complains against Defendant, Galmor Family Limited Partnership as follows:

### I.
### BACKGROUND & PROCEDURE

**ORIGINAL COMPLAINT -PAGE 1**

1. This Adversary Proceeding has been severed from Adversary Proceeding No. 19-2006 previously filed in this Court. The Trustee may file an amended complaint, including adding additional parties as necessary, within thirty (30) days of the filing of this Original Complaint in the new Adversary Proceeding.

2. Defendant, Galmor Family Limited Partnership ("FLP"), is a limited partnership, which is represented by Davor Rukavina of Numsch, Hardt, Kopf & Harr. The FLP timely filed its Answer in the original Adversary Proceeding, which may be modified and filed in this Adversary Proceeding by its counsel within sixty (60) days of the filing of this Original Complaint in the new Adversary Proceeding.

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(A)&(O). This is an Adversary Proceeding under Bankruptcy Rule 7001(1). The parties have consented to this Court's jurisdiction of a final order or judgment to the claims asserted herein.

4. Debtors filed for relief under Chapter 11 of the United States Bankruptcy Code on June 19, 2018 and converted to Chapter 7 cases on January 8, 2019. Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estates.

## II.
## RELEVANT FACTS

5. The FLP owns in excess of $3,000,000.00 of real estate in the Texas panhandle. The FLP owes approximately $600,000.00 secured by liens on some or all of the FLP assets. The FLP owes the bankruptcy estates approximately $2,400,000.00 as an unsecured creditor, pursuant to the sworn bankruptcy schedules filed by the Debtors in their respective cases.

## III.
## SUIT ON DEBT

6. According to the sworn schedules of Michael Stephens Galmor, Schedule B, Number 30 the FLP is indebted to his bankruptcy Estate in the total amount of $1,310,807.00.

7. According to the sworn schedules of Galmor's/G&G Steam Service, Inc., Schedule B, Number 74 the FLP is indebted to its bankruptcy Estate in the total amount of $1,096,051.32.

8. The Trustee is entitled to a judgment for each respective Estate for these amounts owed. The Trustee is also entitled to legal fees, interest and court costs incurred in the collection of these debts.

9. Both sets of sworn schedules described above were signed under penalty of perjury by Michael Stephen Galmor. Michael Stephen Galmor was the only party who can speak on behalf of the FLP as its management at the time the above schedules were filed. Therefore, the Trustee asserts that the FLP is barred by principles of res judicata and collateral estoppel from disputing this debt owed to the bankruptcy Estates

**WHEREFORE, PREMISES CONSIDERED**, the Trustee, respectfully requests this Court grant relief consistent with the above claim, and for such other and further relief this Court deems is just and proper.

Respectfully submitted,

Kent Ries, Attorney at Law
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440-Fax

By: /s/ Kent Ries
    Kent Ries
    State Bar No. 16914050

COUNSEL FOR TRUSTEE