

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**



**Signed April 23, 2020**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 19-2006 |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY MARK GALMOR, LESLIE DONNETTE GALMOR PRITCHARD, TRACI MARIE GALMOR COLEMAN and GALMOR FAMILY LIMITED PARTNERSHIP, | § | |
| | § | |
| Defendants. | § | |

---

### AGREED JUDGMENT: (I) ORDERING SUPERVISED LIQUIDATION OF TEXAS ENTITIES; (II) APPOINTING MANAGERS OF THE SAME; AND (III) SEVERING REMAINING CLAIMS

CAME ON FOR HEARING, the status of this Adversary Proceeding, commenced by Kent Ries (the "Trustee"), the duly appointed trustee of the estate (the "MSG Estate") of Michael Stephen Galmor ("MSG") and the estate (the "G&G Estate" with the MSG Estate, the "Estates") of GALMOR'S/G&G Steam Service, Inc. ("G&G", with MSG, the "Debtors") with the filing of his *Original Complaint* (the "Complaint"). The Trustee and the Defendants who have answered the Complaint, including the Galmor Family Limited Partnership ("GFLP"), Leslie Donnette Galmor Pritchard ("Pritchard") and Traci Marie Galmor Coleman ("Coleman"), have reached an agreement, which is memorialized in this Judgment. Defendants MSG, Randy Mark Galmor has been properly served with the Complaint, has not answered the Complaint, and are deemed to have defaulted to this judgment. However, the failure of any individual defendant to answer said Complaint does not matter, because the real defendant party-in-interest, for purposes of this Judgment, is the GFLP, whose liquidation the Trustee seeks.

As explained in greater detail below, GFLP consents to said liquidation, under the authority of this Court, as does non-party Galmor Management, LLC ("GMLLC"). The Court shall therefore consider this Judgment as an agreed motion by both GFLP and GMLLC seeking their judicially controlled and supervised liquidation under Chapter 11 (including, but not limited to section 11.054) of the Texas Business Organizations Code. Therefore, no further motion, hearing, or trial is necessary to enter this Judgment. With respect to the Trustee, because the Estates are not giving a release or otherwise compromising any claims that they own, Federal Rule of Bankruptcy Procedure 9019 does not apply and the Trustee may enter into this Judgment without further notice or hearing.

GFLP is an entity organized and existing under the laws of the State of Texas. Its sole general partner is GMLLC. Pursuant to that certain *Compromise and Settlement Agreement* (attached hereto as Exhibit "A" and incorporated herein for all purposes) between various parties dated as of August, 2019, and all parties, other than the Trustee, with an interest in GMLLC having therein, Pritchard is the sole managing member of GMLLC. As such, Pritchard is indirectly the control person of GFLP. As such, among other things, she has all requisite authority, under applicable law and agreement, to cause GFLP to enter into and to be bound by this Judgment. Furthermore, and in addition to the authority provided for above, and to the extent necessary, the Court specifically appoints Pritchard as the sole manager of both GFLP and GMLLC under section 11.054(2) of the Texas Business Organizations Code to wind down both entities, except for the authority granted in this Judgment to the Trustee. For the avoidance of doubt, and except for the authority granted to the Trustee in this judgment, and except as may be expressly and specifically limited by this Judgment or any other order of this Court, Pritchard, for GFLP and GMLLC, and GFLP and GMLLC, to the extent applicable, shall have all powers conferred on them by the Texas Business Organizations Code during the pendency of their winding-down, including as conferred by section 11.052 of the Texas Business Organizations Code.

The Court has subject matter over this Adversary Proceeding, the Complaint, and this Judgment under 28 U.S.C. § 1334, since the Trustee has asserted a multi-million dollar claim against GFLP which, as its general partner, GMLLC would also be liable for, and because the MSG Estate owns direct or indirect interests in GFLP and GMLLC and has an interest in its management and liquidation. As such, the Court has at least related-to jurisdiction over the management and liquidation of GFLP and GMLLC. Such jurisdiction is not core under 28 U.S.C. § 157(b)(2). However, since both GFLP and GMLLC consent to the Court's entry of final orders

in this matter under 28 U.S.C. § 157(c)(2), the Court exercises the effect of core jurisdiction to enter final orders. Furthermore, GFLP and GMLLC both consent to this Court's entry of a final order on the Trustee's claims against them, including as asserted in Count 1 of the Complaint.

Accordingly, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

(1)     this Judgment shall be a final judgment granting Count 2 of the Complaint;

(2)     this Judgment moots Count 3 of the Complaint and, therefore, Count 3 of the Complaint is dismissed without prejudice;

(3)     Count 1 of the Complaint is severed out of this Adversary Proceeding and the Clerk of the Court shall open a new Adversary Proceeding with a new number and shall refile the Complaint, together with all service documents and answers, in said new proceeding, and the Trustee shall have thirty (30) days after such refiling to amend the Complaint as so refiled if he so wishes, and the Court further finds that said refiled Complaint need be asserted only against GFLP and GMLLC, which Pritchard is fully capable of, and can and shall, defend, and such refiling shall be deemed to have been filed for all purposes, including limitations, as of the date of the filing of the original Complaint. For the avoidance of doubt, nothing in this Judgment or in the parties' agreement shall prejudice any issue related to said Count 1, nor shall this Judgment be construed as implicitly or expressly finding that the Trustee's claim as asserted in said Count 1 has any merit. However, the parties all consent to this Court's jurisdiction of a final order or judgment to the claims asserted in Count 1 of the Complaint, including to the severed complaint in the new Adversary Proceeding;

(4)     this Adversary Proceeding shall remain open and shall exist for the liquidation of GFLP and GMLLC, and all proceedings otherwise appropriately filed in a judicial winding

down and liquidation of GFLP and GMLLC shall be filed in this Adversary Proceeding, to

which end the Clerk of the Court shall change the style of this Adversary Proceeding to read:

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, Trustee | § | |
| | § | |
| | § | |
| In re: | § | |
| | § | |
| THE LIQUIDATION OF THE GALMOR | § | ADVERSARY NO. 19-2006 |
| FAMILY LIMITED PARTNERSHIP and | § | |
| GALMOR MANAGEMENT, LLC, | § | |

(5) this Adversary Proceeding shall remain open, and this Judgment shall be an

interlocutory judgment, pending the final winding down of GFLP and GMLLC, and all parties

may file any appropriate motion, application, or other pleading in this Adversary Proceeding

concerning the liquidation of GFLP and GMLLC, including by seeking the Court's approval of

any sale of any property thereof, the liquidation and adjudication of any claims against the same,

and seeking the Court's assistance as would otherwise be appropriate under the Texas Business

Organizations Code, all other applicable statutes, and equity;

(6) Pritchard is appointed as the sole person, with all and full management authority,

to liquidate GFLP and GMLLC, except for the authority granted herein to the Trustee or as may

be limited by any other order or any other provision of this Judgment, and which authority so granted shall include the following:

(i)     to investigate, including through subpoena issued in the name of this Court, all prior actions, finances, and transactions of either entity, including all prior actions and transactions of any prior management, including MSG and any agent thereof, except that Pritchard shall have no ability to investigate the Trustee through subpoena or otherwise;

(ii)     to assert and prosecute causes of action of GFLP and GMLLC in any court of appropriate jurisdiction, except that Pritchard shall have no ability to assert or prosecute any claim or cause of action against the Trustee, except upon separate motion and order with this Court;

(iii)     to assemble, take, marshal, and keep all property of GFLP and GMLLC, including all books and records, bank accounts, accounts receivable, land records, tax records, credit card files, and privileges, further including all passwords, and to compel the same through subpoena duces tecum or through subsequent order of the Court;

(iv)     to seek such assistance from this Court, by way of injunction and otherwise, in the fulfillment of her duties as may be appropriate;

(v)     to liquidate all personal or intangible property of GFLP and GMLLC and to account to this Court for the same, including by filing a quarterly report containing non-privileged information of assets located, the status of the liquidation of those assets, and the results of such liquidation;

(vi)    to retain one or more professionals to assist with the management and liquidation of GFLP and GMLLC, including any related litigation, and to pay the same from the funds of GFLP and GMLLC, all without further order, but subject to supervision of the Court and to the ability of any interested party to seek relief from the Court with respect to the same, provided, however, that the same may not be paid from the proceeds of any real property of GFLP or GMLLC without either the consent of the Trustee or separate motion and order of this Court;

(vii)    to spend funds of GFLP and GMLLC to pay the costs of winding down both, including, as may be appropriate, the costs of any insurance, and including the fees and expenses of professionals, including accountants and attorneys, provided, however, that the same may not be paid from the proceeds of any real property of GFLP or GMLLC without either the consent of the Trustee or separate motion and order of this Court;

(viii)    to file such tax returns, including such final returns, as may be appropriate under federal and state law;

(ix)    to propose and to see a final distribution of property and proceeds of GFLP and GMLLC to such stakeholders as may be appropriate, which distribution will be the subject of either the agreement of the Trustee as a condition precedent or the filing of a motion requesting the same and the entry of an order approving the same;

(7)     the Trustee shall be and hereby is appointed as the manager with the primary duty, power, and obligation to market, sell, and reduce to money, all real property of GFLP (including mineral interests), and to be accountable to the Court for the same, including as follows:

(i)     sales of such property shall proceed under section 363 of the Bankruptcy Code, as though it was property of the Estate, but such property shall not otherwise be deemed to be property of the Estate, unless the Court, by separate proceeding, determines otherwise;

(ii)     sales of such property shall be made upon motion filed in this Adversary Proceeding, but served on creditors and parties-in-interest in the MSG and G&G bankruptcy cases and on all limited partners of GFLP;

(iii)     the Trustee may hire one or more brokers or auctioneers to market and sell all such property and enter into one or more contracts for the same and for payment from the proceeds of such sales, without further order, but subject to supervision of the Court and to the ability of any interested party to seek relief from the Court with respect to the same;

(iv)     the Trustee shall keep Pritchard reasonably informed of marketing efforts, bids, offers, or contracts, and shall file such motions for sale or auction as may be appropriate, subject to the approval of the same, and shall file such reports of sales as may otherwise be provided for in such orders;

(v)     for the avoidance of doubt, only the Trustee, to the exclusion of Pritchard and all others, may execute a contract for sale of any of such property, or execute a deed for such sale;

(vi) any motion to sell any of such property shall include available detail as to all payments the Trustee proposes to make at closing, including all applicable commissions, tax liens, and other liens;

(vii) all sales of such property shall, unless the Trustee and Pritchard expressly agree otherwise, be on a cash basis, and shall be by special warranty deeds;

(viii) the Trustee, in his sole discretion, may abandon any of such property by filing a notice of the same on the docket of this Adversary Proceeding, whereafter the liquidation of such property shall be undertaken by Pritchard;

(ix) the Court reserves the right to compel any person to execute any document or deed in order to further evidence the transfer of any such property, and the Trustee may apply to this Court for such assistance or order as he may deem appropriate to assist him with the carrying out of his duties, but, unless the Court orders otherwise, nothing in this Judgment prevents the accrual or any claims, including taxes, against all such property, and nothing in this Judgment prevents the accrual of any secured claims or interest against such property, or the exercise of any lawful right of any secured creditor;

(8) all persons are commanded to provide Pritchard and/or the Trustee any books and records of GFLP and GMLLC, or of MSG, or regarding any property of GFLP and GMLLC, as may be appropriate and necessary to enable Pritchard and/or the Trustee to carry out their duties under this Judgment, and each of Pritchard and the Trustee shall reasonably provide the other with non-privileged books and records that they may have or that they may come into that may assist the other with the liquidation of their respective properties (for the avoidance of doubt, the foregoing shall not include any work product of the Trustee);

(9)     all issues of compensation to Pritchard and the Trustee for their actions under this Order are deferred and shall be the subject of such future motion and order as may be appropriate and shall be determined by reference to equity, unless the parties agree otherwise, but, for the avoidance of doubt, all compensation of the Trustee as Chapter 7 trustee of the Estates or as attorney, and as separate from this duties under this Judgment, shall be determined as otherwise appropriate in those bankruptcy cases under section 326 and 327 and otherwise of the Bankruptcy Code;

(10)     the proceeds of the sale of any real property of GFLP shall be maintained by the Trustee in one or more separate, segregated accounts, and may not be distributed or used for any purpose without separate motion and order, and the Trustee shall timely provide Pritchard with all records for each such account, including timely copies of any bank statements.  Nothing herein prohibits Pritchard from seeking a partial distribution of any such proceeds by motion filed in this Adversary Proceeding, to which the Trustee may object, and in which case the Court shall decide the matter in equity;

(11)     all other funds of GFLP and GMLLC, including the proceeds of any assets liquidated, shall be maintained by Pritchard in one or more separate, segregated accounts, and may be used to pay all appropriate and reasonable winding down costs and fees, except for any compensation to Pritchard, and may otherwise be used only upon proper motion and order, and Pritchard shall timely provide the Trustee with all records for each such account, including timely copies of any bank statements;

(12)     for the avoidance of doubt, neither Pritchard nor the Trustee shall make any distribution or pay any dividend or other return on equity to any stakeholder of GFLP and GMLLC, without separate motion and order.  Both Pritchard and the Trustee agree that any

---

such distribution to equity owners shall only occur after the claims of the Estates being prosecuted by the Trustee in the severed adversary are fully and finally resolved and paid;

(13)    this Court shall maintain exclusive jurisdiction over the winding down of GFLP and GMLLC, including over Pritchard and the Trustee, and including all issues related to such liquidation, the property of GFLP and GMLLC, and the duties of Pritchard and the Trustee, and including all motions seeking to remove or limit the role of Pritchard or the Trustee; and

(14)    at the conclusion of the winding down of GFLP and/or GMLLC, Pritchard shall apply to this Court, upon timely service and notice to all other stakeholders, for a final plan of distribution of all proceeds and funds of GFLP and GMLLC, subject to Court approval of the same.

## # # # END OF JUDGMENT # # #

AGREED:

/s/ Kent Ries
Kent Ries, Attorney for Plaintiff


 /s/ Davor Rukavina
Davor Rukavina, Attorney for Defendants Leslie Donnette Galmor Pritchard, Traci Marie Galmor Coleman and Galmor Family Limited Partnership

United States Bankruptcy Court
Northern District of Texas

Ries,
      Plaintiff                                       Adv. Proc. No. 19-02006-rlj

Galmor,
      Defendant

## CERTIFICATE OF NOTICE

District/off: 0539-2         User: sramirez           Page 1 of 1             Date Rcvd: Apr 24, 2020
                           Form ID: pdf001        Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 26, 2020.
ust           +Cheryl Wilcoxson,   US Trustee,   1100 Commerce St.,   Ste. 976,   Dallas, TX 75242-0996

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust           +E-mail/Text: ustpregion07.hu.ecf@usdoj.gov Apr 25 2020 00:45:03    US Trustee,
               Office of the US Trustee,   515 Rusk Ave,   Ste 3516,   Houston, TX 77002-2604
ust           +E-mail/Text: ustpregion06.ty.ecf@usdoj.gov Apr 25 2020 00:45:03    US Trustee,
               Office of the U.S. Trustee,   110 N. College Ave.,   Suite 300,   Tyler, TX 75702-7231
ust           +E-mail/Text: ustpregion06.da.ecf@usdoj.gov Apr 25 2020 00:45:02    United States Trustee,
               1100 Commerce Street,   Room 976,   Dallas, TX 75242-0996
                                                                       TOTAL: 3

                 ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
ust           Sandra Nixon,   U.S. Trustee
ust           mario zavala
ust*         +US Trustee,   Office of the U.S. Trustee,   110 N. College Ave.,   Suite 300,
               Tyler, TX 75702-7231
                                                          TOTALS: 2, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 26, 2020                         Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 24, 2020 at the address(es) listed below:
        Davor Rukavina   on behalf of Defendant   Galmor Family Limited Partnership drukavina@munsch.com
        Davor Rukavina   on behalf of Defendant Leslie Donnette Galmor Pritchard drukavina@munsch.com
        Jeffery D. Carruth   on behalf of Defendant Traci Marie Galmor Coleman jcarruth@wkpz.com,
          jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com
        Jeffery D. Carruth   on behalf of Defendant   Galmor Family Limited Partnership jcarruth@wkpz.com,
          jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com
        Jeffery D. Carruth   on behalf of Defendant Leslie Donnette Galmor Pritchard jcarruth@wkpz.com,
          jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com
        Kent David Ries   on behalf of Plaintiff Kent  Ries kent@kentries.com
                                                                          TOTAL: 6