Kent Ries
State Bar No.  16914050
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440 – Fax

COUNSEL FOR TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MICHAEL STEPHEN GALMOR,** | § | **CASE NO. 18-20209-RLJ-7** |
| | § | |
| Debtor. | § | |
| | § | |
| **And** | § | |
| | § | |
| **GALMOR'S/G&G STEAM SERVICE, INC.,** | § | **CASE NO. 18-20210-RLJ-7** |
| | § | |
| Debtor. | § | |
| | § | |
| **KENT RIES, Trustee** | § | |
| | § | |
| | § | **ADVERSARY NO. 19-2006** |
| | § | |
| **THE LIQUIDATION OF THE** | § | |
| **GALMOR FAMILY LIMITED** | § | |
| **PARTNERSHIP AND GALMOR** | § | |
| **MANAGEMENT, L.L.C.,** | § | |

## MOTION FOR AUTHORITY TO SELL THE "TURNBOW" REAL PROPERTY

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

COMES NOW, Kent Ries, Trustee of the referenced Chapter 7 bankruptcy estates and Court appointed liquidator of the Galmor Family Limited Partnership real estate ("Trustee"), and files this Motion for Authority to Sell the "Turnbow" Real Property, and in support thereof would respectfully show unto the Court as follows:

**MOTION FOR AUTHORITY TO SELL THE "TURNBOW" REAL PROPERTY – Page 1**

1.      Debtors filed for relief under Chapter 11 of the United States Bankruptcy Code on June 19, 2018 and converted to Chapter 7 cases on January 8, 2019. Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estates.

2.      This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334 and the Agreed Judgment previously entered in this Adversary Proceeding. The matter is core pursuant to 28 U.S.C. §157(b)(2)(N). Sales of estate property are governed by 11 U.S.C. §363. Although this property is owned by the Galmor Family Limited Partnership ("GFLP"), pursuant to the Agreed Judgment, sales of the GFLP real estate shall proceed under §363 as though they are property of the bankruptcy estates.

3.      Included among the GFLP real property is land (the "Turnbow Property") more particularly described in the sale contract. A copy of the sale contract is attached hereto as Exhibit "A" and incorporated herein for all purposes.

4.      Trustee has received the offer of Clifford Oldham to purchase the Turnbow Property for the price of $120,000.00. Trustee believes the offer represents a fair value of the Turnbow Property. The Turnbow Property was listed for sale by the Trustee's broker for $1,000.00/acre.

5.      Other than property taxes, the Trustee is aware of liens on the Turnbow Property by Great Plains National Bank, Lovell, Lovell, Isern & Farabough, LP and the First State Bank of Mobeetie.

6.      Trustee seeks authority of this Court to execute all documents and instruments necessary to effectuate the purposes and intent of this Motion.

7.     Trustee represents that the sale as proposed herein is a bona fide sale to a good faith purchaser for value.  A copy of the sale contract is attached hereto as Exhibit "A" and incorporated herein for all purposes.

8.     Trustee believes the sale, as proposed herein, is in the best interest of all creditors of the estates and should be approved.

9.     In order to maximize the liquidation value of property of the estate, the Trustee will sell the Turnbow Property to the highest bidder.  Accordingly, the Trustee has developed the following provisions governing the sale of the Turnbow Property in the event competing bids are received:

A.     In the event the Trustee receives one or more competing bids, in writing, from one or more parties, a telephonic auction will be held among all interested bidders.

B.     A competing bid must be in writing, in an amount of at least $120,000.00 and served upon the Trustee no later than 4:30 p.m. on Monday, August 3, 2020, at the office of Kent Ries, 2700 S. Western St., Suite 300, Amarillo, Texas 79109.  A good faith earnest money check in the amount of $10,000.00 must accompany the competing bid.

C.     In the event Trustee receives more than one or more competing bids in a timely manner, a telephonic auction of the Turnbow Property shall be held at 11:30 a.m. on Friday, August 7, 2020.

D.     In order to participate in the telephonic auction, an interested bidder must have given timely written notice of a competing bid, have deposited $10,000.00 with the Trustee and have specified the telephone number at which bidder may be reached for the auction.  The bidding shall be in increments of, at least, $5,000.00.

E.     Any competing bidder must provide the Trustee with the evidence of financial resources to fund the closing of the proposed purchase.

F.     The highest bidder at the telephonic auction shall be awarded the Turnbow Property and closing of the sale of the Turnbow Property to the highest bidder shall occur within 15 days from Court approval.  In the event the highest bidder is unable to close as provided herein such bidder shall forfeit its earnest money deposit and the Trustee may, in his sole discretion, sell the Turnbow Property to the next highest bidder or renotice the entire sale.

G.     The good faith earnest money deposit shall be fully refundable to all unsuccessful bidders and shall be applied to the purchase price of the successful bidder.

10.     Trustee represents that the sale as proposed herein is a bona fide sale to a good faith purchaser for value.

11.     Trustee believes the sale, as proposed herein, is in the best interest of all creditors of the estate and should be approved.

12.     Trustee requests that the fourteen day stay requirement pursuant to F.R.B.P. 6004(h) be waived.

**WHEREFORE PREMISES CONSIDERED,** Kent Ries, Trustee, respectfully prays for an Order of this Court approving the sale of the Turnbow Property on the terms and condition set forth herein, and for such relief, at law or in equity, to which the Trustee may show himself justly entitled.

Respectfully submitted,

Kent Ries
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440– Fax

By: /s/ Kent Ries
    Kent Ries
    State Bar No. 16914050

COUNSEL FOR TRUSTEE

## NOTICE OF RESPONSE REQUIRED

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 205 SOUTHEAST FIFTH AVENUE, ROOM 201D, AMARILLO, TEXAS 79101, BEFORE 4:00 O'CLOCK P.M. ON AUGUST 5, 2020, WHICH IS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July, 2020, a true and correct copy of the above and foregoing Motion was sent electronically or mailed in the United States mail, postage prepaid, to the parties listed below and on the attached matrix.

Clifford Oldham
P.O. Box 128
Shamrock, Texas 79079

Leslie Galmor Pritchard
c/o Davor Rukavina
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659

Traci Marie Galmor Coleman
c/o Kenneth Netardus
1030 N. Western
Amarillo, Texas 79106

Randy Mark Galmor
6355 U.S. Highway 83
Shamrock, Texas 79096

Lewis Whitaker
Whitaker Real Estate
4600 I-40 West, Suite 101
Amarillo, Texas 79106

/s/ Kent Ries
Kent Ries

AEG Petroleum LLC
P.O. Box 1003
Amarillo, TX 79105-1003

Deere & Company and Deere Credit,
Inc.
6400 NW 86th Street
P.O. Box 6600
Johnston, IA 50131-6600

First State Bank of Mobeetie
c/o Reuben L. Hancock, P.C.
7480 Golden Pond Pl., Ste. 200
Amarillo, TX 79121-1964

Great Plains Bank
2017 W. Third
P O Box 488
Elk City, OK 73648-0488

Happy State Bank
Burdett Morgan Williamson &
Boykin, LLP
co  C. Jared Knight
Amarillo, TX 79101-2417

Synchrony Bank
c/o PRA Receivables Management,
LLC
PO Box 41021
Norfolk, VA 23541-1021

U.S. Attorney
1100 Commerce, 3rd Floor
Dallas, TX 75242-1074

U.S. Attorney General
Department of Justice
Washington, DC 20001

Wells Fargo Equipment Finance
600 South 4th St., MAC N9300-100
Minneapolis, MN 55415-1526

Wheeler County
c/o Perdue Brandon Fielder Collins
& Mot
PO Box 9132
Amarillo, TX 79105-9132

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Caterpillar Financial Services
Corp
2120 West End Avenue
Nashville, TN 37203-5341

Caterpillar Financial Services
Corporation
Derryberry & Naifeh, LLP
4800 N. Lincoln Blvd.
Oklahoma City, OK 73105-3321

Clay P. Booth
102 East Thatcher Street
Edmond, OK 73034-3662

First State Bank of Mobeetie
P.O. Box 3
Mobeetie, TX 79061-0003

First State Bank of Mobeetie
P.O. Box 8
Mobeetie, TX 79061-0008

Flamm Walton Heimbach Lamm, P.C.
Attn: Eric Atherholt
794 Penllyn Pike, Ste. 100
Blue Bell, PA 19422-1669

Galmor Family Trust
P.O. Box 349
Shamrock, TX 79079-0349

Great Plains Bank
c/o Mullin Hoard & Brown, LLP
P.O. Box 31656
Amarillo, TX 79120-1656

Great Plains National Bank
P.O. Box 488
Elk City, OK 73648-0488

Hall Estill Hardwick Gable and
Nelson, P.C.
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8808

Jerome S. Sepkowitz, OBA #8081
Derryberry & Naifeh, LLP
4800 N. Lincoln Blvd.
Oklahoma City, OK 73105-3321

Jerome Sepkowitz
4800 N Lincoln Blvd.
Oklahoma City, OK 73105-3321

John Deere Financial
P.O. Box 650215
Dallas, TX 75265-0215

Kirby Smith Machinery, Inc.
6715 West Reno Avenue
Oklahoma City, OK 73127-6590

Kirby-Smith Machinery, Inc.
c/o Hicks Law Group
325 N. St. Paul Street, Suite 4400
Dallas, TX 75201-3880

Kubota Credit Corporation
PO Box 9013
Addison Texas, TX 75001-9013

Leslie Pritchard
c/o Collin J. Wynne
1001 S. Harrison, Suite 200
Amarillo , TX 79101

OKLAHOMA TAX COMMISSION
GENERAL COUNSEL S OFFICE
100 N BROADWAY AVE SUITE 1500
OKLAHOMA CITY, OK 73102-8601

PNC Equipment Finance, LLC
J. Eric Atherholt/Flamm Walton
Heimbach
794 Penllyn Pike, Suite 100
Blue Bell, PA 19422-1669

PNC Equipment Financial
/ECN Financial, LLC
J. Eric Atherholt
Blue Bell, PA 19422-1669

PNC Financial, LLC
655 Business Center Dr., Ste. 250
Horsham, PA 19044-3448

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Sprouse Shrader Smith
P.O. Box 15008
Amarillo, TX 79105-5008

Stewart R. Werner
LAW OFFICES OF STEWART R. WERNER
801 S. Fillmore, Ste. 720
Amarillo Texas, TX 79101-3545

Texas Attorney General
P.O. Box 12548
Austin, TX 78711-2548

U.S. Attorney General
U.S. Department of Justice
10th & Pennsylvania Ave
Washington, DC 20530-0001

U.S. Attorney's Office
1205 Texas Ave.  Room 700
Lubbock, TX 79401-4029

Underwood Law
P.O. Box 9158
Amarillo, TX 79105-9158

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-0996

Wheeler County Tax Office
P.O. Box 1060
Wheeler, TX 79096-1060

Michael Stephen Galmor
P.O. Box 349
Shamrock, TX 79079-0349

Patrick Alan Swindell
Swindell Law Firm
106 SW 7th Ave.
Amarillo, TX 79101-2518

Oklahoma Tax Commission
2501 North Lincoln Blvd.
Oklahoma City, OK 73194

Barber & Bartz
525 South Main Street, Suite 800
Tulsa, OK 74103-4511

Comptroller of Public Accounts
c/o Office of the Attorney General
Bankruptcy - Collections Division
MC-008
Austin, TX 78711-2548

Floyd CAD
c/o Tara LeDay
P O Box 1269
Round Rock, TX 78680-1269

Galmor's/G&G Steam Service, Inc.
P.O. Box 349
Shamrock, TX 79079-0349

Great Plains Bank
P O Box 488
Elk City, OK 73648-0488

Happy State Bank
Burdett Morgan Williamson &
Boykin, LLP
co  C. Jared Knight
Amarillo, TX 79101-2417

InterBank
Higier Allen & Lautin, P.C.
c/o Jason T. Rodriguez
Dallas, TX 75204-2926

Texas Workforce Commission
Jason Starks
c/o Sherri K. Simpson, Paralegal
Austin, TX 78711-2548

U.S. Attorney
1100 Commerce, 3rd Floor
Dallas, TX 75242-1074

Wells Fargo Equipment Finance
Mullin Hoard & Brown, LLP
P.O. Box 31656
Amarillo, TX 79120-1656

Wheeler County
c/o Perdue Brandon Fielder Collins
& Mot
PO Box 9132
Amarillo, TX 79105-9132

A Rental Company
4901 E Main Street
Weatherford, OK 73096-9548

AEG Petroleum LLC
P.O. Box 1003
Amarillo, TX 79105-1003

AIRGAS USA LLC
110 West 7th St.
Suite 1400
Tulsa, OK 74119-1077

AT&T
P.O. Box 105414
Atlanta, GA 30348-5414

Advanced Water Solutions
1509 S Van Buren St.
Enid, OK 73703-7857

Air Gas
P.O. Box 676015
Dallas, TX 75267-6015

Albert Brothers
115 6th St.
Elk CIty, OK 73644-5760

Ally Financial
P.O. Box 9001948
Louisville, KY 40290-1948

American Express
P.O. Box 650448
Dallas, TX 75265-0448

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Apex Remington, Inc.
13505 E 61st Street
Suite A
Broken Arrow, OK 74012-1295

Beckham County Treasurer
P.O. Box 600
Sayre, OK 73662-0600

Big Chief Plant Services
3520 Big Elk Drive
Elk City, OK 73644-4440

CMI Drug Testing
6704 Guada Coma
Shertz, TX 78154-3247

CMT Engineering Inc.
P.O. Box 1786
Dripping Springs, TX 78620-1786

Camrock Quality
P.O. Box 2407
Elk City, OK 73648-2407

Canyon Oilfield Services
11552 S Hwy 6
Elk City, OK 73644-9722

Caterpillar Financial Services
Corporation
Derryberry & Naifeh, LLP
4800 N. Lincoln Blvd.
Oklahoma City, OK 73105-3321

Cintas Corporation
P.O. Box 631025
Cincinnati, OH 45263-1025

Crossroads
1627 North Main St.
Shamrock, TX 79079-1600

Culligan Water Conditioning
P.O. Box 1597
Pampa, TX 79066-1597

Culver Electric LLC
P.O. Box 427
Elk City, OK 73648-0427

DJ's Rental
911 South Main Street
Elk City, OK 73644-6707

DNOW LP
7402 N. Eldridge Pkwy
Houston, TX 77041-1902

David W. Bank, M.D.
P.O. Box 528
Elk City, OK 73648-0528

Dennis J. Hefley
15400 County Road EE
Briscoe, TX 79011-3231

Dickey Oilfield Sales Company
2211 Hwy 79 South
Wichita Falls, TX 76310-7962

Distribution Now
P.O. Box 200822
Dallas, TX 75320-0822

Dolese Bros. Co.
P.O. Box 960144
Oklahoma City, OK 73196-0144

Double H Oil Tools, Inc.
P.O. Box 2473
Pampa, TX 79066-2473

Doug Gray Ford, Inc.
P.O. Box 485
Sayre, OK 73662-0485

Enterprise
P.O. Box 800089
Kansas City, MO 64180-0089

Floyd County Appraisal District
P.O. Box 249
Floydada, TX 79235-0249

GR Energy Services
2150 Town Square Place
Suite 410
Sugar Land, TX 77479-1465

GR Lift LP
c/o Kent Altsuler
Lewis Brisbois Bisgaard & Smith
LLP
Houston Texas, TX 77046-2410

Galmor FLP
6994 US HWY 83
Shamrock, TX 79079-4129

Great Plains Bank
c/o Mullin Hoard & Brown, LLP
P.O. Box 31656
Amarillo, TX 79120-1656

Great Plains Pest Control
P.O. Box 192
Lefors, TX 79054-0192

H.J. Garrison Oil Company
P.O. Box 231
Shamrock, TX 79079-0231

Happy State Bank & Trust Co.
Co. C. Jared Knight
701 S Taylor Suite 324
Amarillo, TX 79101-2417

Harbison Fischer Manufacturing
P.O. Box 731403
Dallas, TX 75373-1403

Harbison Fischer Manufacturing
Company
901 N. Crowley Rd.
Crowley, TX 76036-3798

INTERNAL REVENUE SERVICE
1100 COMMERCE ST.
DALLAS, TX  75242
MC5027 DAL 75242-1100

IPFS CORPORATION
30 MONTGOMERY STREET
SUITE 1000
JERSEY CITY, NJ 07302-3865

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA, PA 19101-7346

Innovative Technology
P.O. Box 726
Elk City, OK 73648-0726

Interbank
P.O. Box 1049
Elk City, OK 73648-1049

JWD Internation Marketing, Inc.
P.O. Box 1000
Skiatook, OK 74070-5000

Janning Welding
918 N. Van Buren
Elk City, OK 73644-2916

Jerome S. Sepkowitz
Derryberry & Naifeh, LLP
4800 N. Lincoln Blvd.
Oklahoma City, OK 73105-3321

John Deere Financial
P.O. Box 650215
Dallas, TX 75265-0215

Jones Passodelis
Gulf Tower-Suite 3410
707 Grant Street
Pittsburgh, PA 15219-1931

KJC Fire Safety Solutions
805 Shore Dr.
Elk City, OK 73644-2635

Kubota Credit
P.O. Box 0559
Carol Stream, IL 60132-0559

Lease Consultants Corporation
P.O. Box 71397
Des Moines, IA 50325-0397

Leslie Pritchard
c/o Collin J. Wynne
1001 S. Harrison, Suite 200
Amarillo, TX 79101

Lindley Equipment
P.O. Box 457
Cordell, OK 73632-0457

M. B. McKee Company, Inc.
2205 Avenue #
Lubbock, TX 79404-1032

Marshall Discount Auto
P.O. Box 451
Wheeler, TX 79096-0451

Martins Air Conditioning
2116 W. 20th St.
Elk City, OK 73644-9206

McLemore Sand & Top Soil
11157 N. 1930 Road
Sayre, OK 73662-6040

Mine Safety & Health
Administration
P.O. Box 790390
St. Louis, MO 63179-0390

NAPA Auto Parts
716 West 3rd St.
Elk City, OK 73644-5208

NCW Insurance
P.O. Box 506
Amarillo, TX 79105-0506

Nesmith Propane
3502 West 3rd Street
Elk City, OK 73644-4335

Oklahoma Employment Security
Commission
PO Box 53039
Oklahoma City, OK 73152-3039

Oklahoma Tax Commision
P.O. Box 26930
Oklahoma City, OK 73126-0930

Oklahoma Tax Commission
General Counsel's Office
100 N. Broadway Ave., Suite 1500
Oklahoma City, OK 73102-8601

P K & Company PLLC
P.O. Box 1728
Elk City, OK 73648-1728

PNC Equipment Finance, LLC
J. Eric Atherholt/Flamm Walton
Heimbach
794 Penllyn Pike, Suite 100
Blue Bell, PA 19422-1669

Powerscreen Texas, Inc.
5680 W. State Swy 71,
Box 658
La Grange, TX 78945-0658

Powerscreen Texas, Inc.
P.O. Box 658
La Grange, TX 78945-0658

Quill Corporation
P.O. Box 37600
Philadelphia, PA 19101-0600

Ryan Construction
9500 County Road 270
Zephyr, TX 76890-3312

Safety-Kleen Systems, Inc.
P.O. Box 650509
Dallas, TX 75265-0509

Silver Arc Welding
P.O. Box 3366
Enid, OK 73702-3366

Skinner Bros. Company
P.O. Box 21228
Dept 9
Tulsa, OK 74121-1228

Steve's Diesel & Truck Service
P.O. Box 166
Elk City, OK 73648-0166

T&W Tire
P.O. Box 258859
Oklahoma City, OK 73125-8859

TEXAS WORKFORCE COMMISSION
REGULATORY INTEGRITY DIVISION -
SAU
101 EAST 15TH STREET, ROOM 556
AUSTIN, TX 78778-0001

Teddy's Glass
515 N Van Buren
Elk City, OK 73644-4260

Texas Attorney General
P.O. Box 12548
Austin, TX 78711-2548

Texas Workforce Commission
Jason Starks, Asst. Attorney Gen.
c/o Sherri K. Simpson, Paralegal
Austin, TX 78711-2548

Thru Tubing Solutions
8032 Main St
Houma, LA 70360-4428

Treasurer of Beckham County,
Oklahoma
P.O. Box 276
Cheyenne, OK 73628-0276

Triple D Services
203 N Houston
Shamrock, TX 79079-2319

Troy Jones Equipment
1203 S Main St
Elk City, OK 73644-6911

U.S. Attorney General
U.S. Department of Justice
10th & Pennsylvania Ave
Washington, DC 20530-0001

U.S. Attorney's Office
1205 Texas Ave.  Room 700
Lubbock, TX 79401-4029

Unifirst Corp.
4210 S.E. 22nd Street
Amarillo, TX 79103-6204

United Healthcare
P.O. Box 94017
Palatine, IL 60094-4017

United Life Insurance Co.
P.O. Box 142153
Overland Park, KS 66225-5326

United Rentals
Attn: Mike Dowden
6125 Lakeview Road #300
Charlotte, NC 28269-2616

United Rentals
P.O. Box 840514
Dallas, TX 75284-0514

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-0996

UnitedHealthcare Insurance Company
ATTN: CDM - Bankruptcy
185 Asylum Street
Hartford, CT 06103-3408

WB Supply
P.O. Box 206620
Dallas, TX 75320-6620

Warren CAT
P.O. Box 842116
Dallas, TX 75284-2116

Weldon Parts
1100 S. Main St.
Elk City, OK 73644-6916

Wells Fargo Bank, N.A.
Small Business Lending Division
P.O. Box 29482
Phoenix, AZ 85038-9482

Wells Fargo Business Line
P.O. Box 51174
Los Angeles, CA 90051-5474

Wells Fargo Equipment Finance
NW 8178
P.O. Box 1450
Minneapolis, MN 55485-5934

Wells Fargo Vendor Financial
Services, LLC
1010 Thomas Edison Blvd., SW
Cedar Rapids, IA 52404-8247

Western Equipment
404 Frisco Avenue
Clinton, OK 73601-3440

Yow Automotive
221 S. Jefferson
Elk City, OK 73644-5737

Zee Medical
13 NW 132nd Street
Oklahoma City, OK 73114-2318

Patrick Alan Swindell
Swindell Law Firm
106 SW 7th Ave.
Amarillo, TX 79101-2518

IPFS Corporation
P.O. Box 730223
Dallas, TX 75373-0223

IRS
P.O. Box 802501
Cincinnati, OH 45280-2501

Beaver Express Services, LLC
PO Box 1168
Woodward, OK 73802-1168

Comptroller of Public Accounts
C/O Office of the Attorney General
Bankruptcy - Collections Division
MC-008
Austin, TX 78711-2548

Enterprise
P.O. Box 800089
Kansas City, MO 64180-0089

Floyd CAD
c/o Tara LeDay
P.O. Box 1269
Round Rock, TX 78680-1269

Kirby-Smith Machinery, Inc.
c/o Hicks Law Group PLLC
325 N. St. Paul Street, Suite 4400
Dallas, TX 75201-3880

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC) 2-12-18

**TREC**

**FARM AND RANCH CONTRACT**



1. **PARTIES:** The parties to this contract are _____ **Kent Ries, Court Appointed Liquidator** _____
(Seller) and _____ **Clifford Oldham** _____ (Buyer). Seller agrees to
sell and convey to Buyer and Buyer agrees to buy from Seller the Property defined below.

2. **PROPERTY:** The land, improvements, accessories and crops except for the exclusions and
reservations, are collectively referred to as the "Property".
   A. **LAND:** The land situated in the County of _____ **Wheeler** _____ , Texas,
   described as follows: **All of the Southwest Quarter (SW/4) of Section Sixty-seven (67), Block**
   **Seventeen (17), H&GN Ry. Co. Survey**
   or as described on attached exhibit, also known as **SW/4 of Sec 67, Blk 17, H&GN, Wheeler Co., TX**
   (address/zip code), together with all rights, privileges, and appurtenances pertaining thereto,
   including but not limited to: water rights, claims, permits, strips and gores, easements, and
   cooperative or association memberships.
   B. **IMPROVEMENTS:**
      (1) **FARM and RANCH IMPROVEMENTS:** The following **permanently installed and built-in items,**
      if any: windmills, tanks, barns, pens, fences, gates, sheds, outbuildings, and corrals.
      (2) **RESIDENTIAL IMPROVEMENTS:** The house, garage, and all other fixtures and improvements
      attached to the above-described real property, including without limitation, the following
      **permanently installed and built-in items,** if any: all equipment and appliances,
      valances, screens, shutters, awnings, wall-to-wall carpeting, mirrors, ceiling fans, attic fans,
      mail boxes, television antennas, mounts and brackets for televisions and speakers, heating
      and air-conditioning units, security and fire detection equipment, wiring, plumbing and
      lighting fixtures, chandeliers, water softener system, kitchen equipment, garage door
      openers, cleaning equipment, shrubbery, landscaping, outdoor cooking equipment, and all
      other property owned by Seller and attached to the above described real property.
   C. **ACCESSORIES:**
      (1) **FARM AND RANCH ACCESSORIES:** The following described related accessories: (check boxes
      of conveyed accessories) ☐portable buildings ☐hunting blinds ☐game feeders
      ☐livestock feeders and troughs ☐irrigation equipment ☐fuel tanks ☐submersible
      pumps ☐pressure tanks ☐corrals ☐gates ☐chutes ☐other: _____
      (2) **RESIDENTIAL ACCESSORIES:** The following described related accessories, if any: window
      air conditioning units, stove, fireplace screens, curtains and rods, blinds, window shades,
      draperies and rods, door keys, mailbox keys, above ground pool, swimming pool equipment
      and maintenance accessories, artificial fireplace logs, and controls for:
      (i) garages, (ii) entry gates, and (iii) other improvements and accessories.
   D. **CROPS:** Unless otherwise agreed in writing, Seller has the right to harvest all growing crops
   until delivery of possession of the Property.
   E. **EXCLUSIONS:** The following improvements, accessories, and crops will be retained by Seller
   and must be removed prior to delivery of possession: **N/A**
   F. **RESERVATIONS:** Any reservation for oil, gas, or other minerals, water, timber, or other
   interests is made in accordance with an attached addendum.

3. **SALES PRICE:**
   A. Cash portion of Sales Price payable by Buyer at closing . . . . . . . . . . . . . . . $ _____ **120,000.00**
   B. Sum of all financing described in the attached: ☐ Third Party Financing Addendum,
   ☐ Loan Assumption Addendum, ☐ Seller Financing Addendum. . . . . . . . . . $ _____ **-0-**
   C. Sales Price (Sum of A and B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ **120,000.00**
   D. The Sales Price ☐will ☒will not be adjusted based on the survey required by Paragraph 6C.
   If the Sales Price is adjusted, the Sales Price will be calculated on the basis of $ **N/A**
   per acre. If the Sales Price is adjusted by more than 10%, either party may terminate this
   contract by providing written notice to the other party within _____ **N/A** _____ days after the
   terminating party receives the survey. If neither party terminates this contract or if the
   variance is 10% or less, the adjustment will be made to the amount in ☐3A ☐3B
   ☐ proportionately to 3A and 3B.

4. **LICENSE HOLDER DISCLOSURE:** Texas law requires a real estate license holder who is a
party to a transaction or acting on behalf of a spouse, parent, child, business entity in which the
license holder owns more than 10%, or a trust for which the license holder acts as a trustee or of
which the license holder or the license holder's spouse, parent or child is a beneficiary, to notify
the other party in writing before entering into a contract of sale. Disclose if applicable: **N/A**

5. **EARNEST MONEY:** Within 3 days after the Effective Date, Buyer must deliver
$ **2,000.00** as earnest money to, **Wheeler Title & Abstract Co.** , as escrow agent,
at **112 E Texas Ave, Wheeler, TX 79096** (address). Buyer shall deposit additional earnest money of
$ **N/A** with escrow agent within **N/A** days after the Effective Date of this contract.
If Buyer fails to deliver the earnest money within the time required, Seller may terminate this
contract or exercise Seller's remedies under Paragraph 15, or both, by providing notice to Buyer
before Buyer delivers the earnest money. If the last day to deliver the earnest money falls on a
Saturday, Sunday, or legal holiday, the time to deliver the earnest money is extended until the end
of the next day that is not a Saturday, Sunday, or legal holiday. **Time is of the essence for this**
**paragraph.**

Initialed for identification by Buyer _____ and Seller _____ TREC NO. 25-12

Contract Concerning    **"Turnbow" - SW/4 of Sec 67, Blk 17, H&GN, Wheeler Co., TX**    Page 2 of 10    2-12-18
<br>(Address of Property)

**6. TITLE POLICY AND SURVEY:**

A. **TITLE POLICY:** Seller shall furnish to Buyer at ☒ Seller's ☐ Buyer's expense an owner policy of title insurance (Title Policy) issued by: _____ Wheeler Title & Abstract Co. _____ (Title Company) in the amount of the Sales Price, dated at or after closing, insuring Buyer against loss under the provisions of the Title Policy, subject to the promulgated exclusions (including existing building and zoning ordinances) and the following exceptions:

  (1) The standard printed exception for standby fees, taxes and assessments.

  (2) Liens created as part of the financing described in Paragraph 3.

  (3) Reservations or exceptions otherwise permitted by this contract or as may be approved by Buyer in writing.

  (4) The standard printed exception as to marital rights.

  (5) The standard printed exception as to waters, tidelands, beaches, streams, and related matters.

  (6) The standard printed exception as to discrepancies, conflicts, shortages in area or boundary lines, encroachments or protrusions, or overlapping improvements:

  ☒ (i) will not be amended or deleted from the title policy; or

  ☐ (ii) will be amended to read, "shortages in area" at the expense of ☐ Buyer ☐ Seller.

  (7) The exception or exclusion regarding minerals approved by the Texas Department of Insurance.

B. **COMMITMENT:** Within 20 days after the Title Company receives a copy of this contract, Seller shall furnish to Buyer a commitment for title insurance (Commitment) and, at Buyer's expense, legible copies of restrictive covenants and documents evidencing exceptions in the Commitment (Exception Documents) other than the standard printed exceptions. Seller authorizes the Title Company to deliver the Commitment and Exception Documents to Buyer at Buyer's address shown in Paragraph 21. If the Commitment and Exception Documents are not delivered to Buyer within the specified time, the time for delivery will be automatically extended up to 15 days or 3 days before the Closing Date, whichever is earlier. If the Commitment and Exception Documents are not delivered within the time required, Buyer may terminate this contract and the earnest money will be refunded to Buyer.

C. **SURVEY:** The survey must be made by a registered professional land surveyor acceptable to the Title Company and Buyer's lender(s). (Check one box only):

☐ (1) Within ____ **N/A** ____ days after the Effective Date of this contract, Seller shall furnish to Buyer and Title Company Seller's existing survey of the Property and a Residential Real Property Affidavit promulgated by the Texas Department of Insurance (T-47 Affidavit). **If Seller fails to furnish the existing survey or affidavit within the time prescribed, Buyer shall obtain a new survey at Seller's expense no later than 3 days prior to Closing Date.** The existing survey ☐ will ☐ will not be recertified to a date subsequent to the Effective Date of this contract at the expense of ☐ Buyer ☐ Seller. If the existing survey is not approved by the Title Company or Buyer's lender(s), a new survey will be obtained at the expense of ☐ Buyer ☐ Seller no later than 3 days prior to Closing Date. may

☒ (2) Within ____ **45** ____ days after the Effective Date of this contract, Buyer ~~shall~~ obtain a new survey at Buyer's expense. Buyer is deemed to receive the survey on the date of actual receipt or the date specified in this paragraph, whichever is earlier.

☐ (3) Within ____ **N/A** ____ days after the Effective Date of this contract, Seller, at Seller's expense shall furnish a new survey to Buyer. .

☐ (4) No survey is required.

D. **OBJECTIONS:** Buyer may object in writing to (i) defects, exceptions, or encumbrances to title disclosed on the survey other than items 6A(1) through (5) above; or disclosed in the Commitment other than items 6A(1) through (7) above; (ii) any portion of the Property lying in a special flood hazard area (Zone V or A) as shown on the current Federal Emergency Management Agency map; or (iii) any exceptions which prohibit the following use or activity:
**N/A**
_____

Buyer must object the earlier of (i) the Closing Date or (ii) _____ 7 _____ days after Buyer receives the Commitment, Exception Documents, and the survey. Buyer's failure to object within the time allowed will constitute a waiver of Buyer's right to object; except that the requirements in Schedule C of the Commitment are not waived by Buyer. Provided Seller is not obligated to incur any expense, Seller shall cure any timely objections of Buyer or any third party lender within 15 days after Seller receives the objections (Cure Period) and the Closing Date will be extended as necessary. If objections are not cured within the Cure Period, Buyer may, by delivering notice to Seller within 5 days after the end of the Cure Period: (i) terminate this contract and the earnest money will be refunded to Buyer; or (ii) waive the objections. If Buyer does not terminate within the time required, Buyer shall be deemed to have waived the objections. If the Commitment or Survey is revised or any new Exception Document(s) is delivered, Buyer may object to any new matter revealed in the revised Commitment or Survey or new Exception Document(s) within the same time stated in this paragraph to make objections beginning when the revised Commitment, Survey, or Exception Document(s) is delivered to Buyer.

E. **EXCEPTION DOCUMENTS:** Prior to the execution of the contract, Seller has provided Buyer with copies of the Exception Documents listed below or on the attached exhibit. Matters reflected in the Exception Documents listed below or on the attached exhibit will be permitted exceptions to the Title Policy and will not be a basis for objection to title:

Initialed for Identification by Buyer ✓ ⊙, ____ and Seller ✓        TREC NO. 25-12

| Contract Concerning | "Turnbow" - SW/4 of Sec 67, Blk 17, H&GN, Wheeler Co., TX | Page 3 of 10 | 2-12-18 |
|---|---|---|---|
| | (Address of Property) | | |

| Document | Date | Recording Reference |
|---|---|---|
| None have been provided. | | |

F.  SURFACE LEASES: Prior to the execution of the contract, Seller has provided Buyer with copies of written leases and given notice of oral leases (Leases) listed below or on the attached exhibit. The following Leases will be permitted exceptions in the Title Policy and will not be a basis for objection to title: **None.**

G.  TITLE NOTICES:

(1) ABSTRACT OR TITLE POLICY: Broker advises Buyer to have an abstract of title covering the Property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a Title Policy. If a Title Policy is furnished, the Commitment should be promptly reviewed by an attorney of Buyer's choice due to the time limitations on Buyer's right to object.

(2) STATUTORY TAX DISTRICTS: If the Property is situated in a utility or other statutorily created district providing water, sewer, drainage, or flood control facilities and services, Chapter 49, Texas Water Code, requires Seller to deliver and Buyer to sign the statutory notice relating to the tax rate, bonded indebtedness, or standby fee of the district prior to final execution of this contract.

(3) TIDE WATERS: If the Property abuts the tidally influenced waters of the state, §33.135, Texas· Natural ¹ Resources Code, requires a notice regarding coastal area property to be included in the contract. An addendum containing the notice promulgated by TREC or required by the parties must be used.

(4) ANNEXATION: If the Property is located outside the limits of a municipality, Seller notifies Buyer under §5.011, Texas Property Code, that the Property may now or later be included in the extraterritorial jurisdiction of a municipality and may now or later be subject to annexation by the municipality. Each municipality maintains a map that depicts its boundaries and extraterritorial jurisdiction. To determine if the Property is located within a municipality's extraterritorial jurisdiction or is likely to be located within a municipality's extraterritorial jurisdiction, contact all municipalities located in the general proximity of the Property for further information.

(5) PROPERTY LOCATED IN A CERTIFICATED SERVICE AREA OF A UTILITY SERVICE PROVIDER: Notice required by §13.257, Water Code: The real property, described in Paragraph 2, that you are about to purchase may be located in a certificated water or sewer service area, which is authorized by law to provide water or sewer service to the properties in the certificated area. If your property is located in a certificated area there may be special costs or charges that you will be required to pay before you can receive water or sewer service. There may be a period required to construct lines or other facilities necessary to provide water or sewer service to your property. You are advised to determine if the property is in a certificated area and contact the utility service provider to determine the cost that you will be required to pay and the period, if any, that is required to provide water or sewer service to your property. The undersigned Buyer hereby acknowledges receipt of the foregoing notice at or before the execution of a binding contract for the purchase of the real property described in Paragraph 2 or at closing of purchase of the real property.

(6) PUBLIC IMPROVEMENT DISTRICTS: If the Property is in a public improvement district, §5.014, Property Code, requires Seller to notify Buyer as follows: As a purchaser of this parcel of real property you are obligated to pay an assessment to a municipality or county for an improvement project undertaken by a public improvement district under Chapter 372, Local Government Code. The assessment may be due annually or in periodic installments. More information concerning the amount of the assessment and the due dates of that assessment may be obtained from· the municipality or county levying the assessment. The amount of the assessments is subject to change. Your failure to pay the assessments could result in a lien on and the foreclosure of your property.

(7) TEXAS AGRICULTURAL DEVELOPMENT DISTRICT: The Property ☐ is ☒ is not located in a Texas Agricultural Development District. For additional information contact the Texas Department of Agriculture.

(8) TRANSFER FEES: If the Property is subject to a private transfer fee obligation, §5.205, Property Code, requires Seller to notify Buyer as follows: The private transfer fee obligation may be governed by Chapter 5, Subchapter G of the Texas Property Code.

(9) PROPANE GAS SYSTEM SERVICE AREA: If the Property is located in a propane gas system service area owned by a distribution system retailer, Seller must give Buyer written notice as required by §141.010, Texas Utilities Code. An addendum containing the notice approved by TREC or required by the parties should be used.

(10) NOTICE OF WATER LEVEL FLUCTUATIONS: If· the Property adjoins an impoundment of water, including a reservoir or lake, constructed and maintained under Chapter 11, Water Code,

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com    TURN BOW

(Address of Property)

that has a storage capacity of at least 5,000 acre-feet at the impoundment's normal operating level, Seller hereby notifies Buyer: "The water level of the impoundment of water adjoining the Property fluctuates for various reasons, including as a result of: (1) an entity lawfully exercising its right to use the water stored in the impoundment; or (2) drought or flood conditions."

7. **PROPERTY CONDITION:**

A. ACCESS, INSPECTIONS AND UTILITIES: Seller shall permit Buyer and Buyer's agents access to the Property at reasonable times. Buyer may have the Property inspected by inspectors selected by Buyer and licensed by TREC or otherwise permitted by law to make inspections. Any hydrostatic testing must be separately authorized by Seller in writing. Seller at Seller's expense shall immediately cause existing utilities to be turned on and shall keep the utilities on during the time this contract is in effect.
   **NOTICE:** Buyer should determine the availability of utilities to the Property suitable to satisfy Buyer's needs.

B. SELLER'S DISCLOSURE NOTICE PURSUANT TO §5.008, TEXAS PROPERTY CODE (Notice):
   (Check one box only)
   ☐ (1) Buyer has received the Notice
   ☐ (2) Buyer has not received the Notice. Within ___N/A___ days after the Effective Date of this contract, Seller shall deliver the Notice to Buyer. If Buyer does not receive the `Notice, Buyer may terminate this contract at any time prior to the closing and the earnest money will be refunded to Buyer. If Seller delivers the Notice, Buyer may terminate this contract for any reason within 7 days after Buyer receives the Notice or prior to the closing, whichever first occurs, and the earnest money will be refunded to Buyer.
   ☒ (3) The Texas Property Code does not require this Seller to furnish the Notice.

C. SELLER'S DISCLOSURE OF LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS is required by Federal law for a residential dwelling constructed prior to 1978.

D. ACCEPTANCE OF PROPERTY CONDITION: "As Is" means the present condition of the Property with any and all defects and without warranty except for the warranties of title and the warranties in this contract. Buyer's agreement to accept the Property As Is under Paragraph 7D (1) or (2) does not preclude Buyer from inspecting the Property under Paragraph 7A, from negotiating repairs or treatments in a subsequent amendment, or from terminating this contract during the Option Period, if any.
   (Check one box only)
   ☒ (1) Buyer accepts the Property As Is.
   ☐ (2) Buyer accepts the Property As Is provided Seller, at Seller's expense, shall complete the following specific repairs and treatments: __N/A__

   _____
   (Do not insert general phrases, such as "subject to inspections," that do not identify specific repairs and treatments.)

E. COMPLETION OF REPAIRS: Unless otherwise agreed in writing: (i) Seller shall complete all agreed repairs and treatments prior to the Closing Date; and (ii) all required permits must be obtained, and repairs and treatments must be performed by persons who are licensed to provide such repairs or treatments or, if no license is required by law, are commercially engaged in the trade of providing such repairs or treatments. At Buyer's election, any transferable warranties received by Seller with respect to the repairs will be transferred to Buyer at Buyer's expense. If Seller fails to complete any agreed repairs prior to the Closing Date, Buyer may exercise remedies under Paragraph 15 or extend the Closing Date up to 5 days if necessary for Seller to complete repairs.

F. LENDER REQUIRED REPAIRS AND TREATMENTS: Unless otherwise agreed in writing, neither party is obligated to pay for lender required repairs, which includes treatment for wood destroying insects. If the parties do not agree to pay for the lender required repairs or treatments, this contract will terminate and the earnest money will be refunded to Buyer. If the cost of lender required repairs and treatments exceeds 5% of the Sales Price, Buyer may terminate this contract and the earnest money will be refunded to Buyer.

G. ENVIRONMENTAL MATTERS: Buyer is advised that the presence of wetlands, toxic substances, including asbestos and wastes or other environmental hazards, or the presence of a threatened or endangered species or its habitat may affect Buyer's intended use of the Property. If Buyer is concerned about these matters, an addendum promulgated by TREC or required by the parties should be used.

H. SELLER'S DISCLOSURES: Except as otherwise disclosed in this contract, Seller has no knowledge of the following:
   (1) any flooding of the Property which has had a material adverse effect on the use of the Property;
   (2) any pending or threatened litigation, condemnation, or special assessment affecting the Property;
   (3) any environmental hazards that materially and adversely affect the Property;
   (4) any dumpsite, landfill, or underground tanks or containers now or previously located on the Property;
   (5) any wetlands, as defined by federal or state law or regulation, affecting the Property; or
   (6) any threatened or endangered species or their habitat affecting the Property.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com    TURN BOW

Contract Concerning __"Turnbow" - SW/4 of Sec 67, Blk 17, H&GN, Wheeler Co., TX__ Page 5 of 10    2-12-18
(Address of Property)

I.  RESIDENTIAL SERVICE CONTRACTS: Buyer may purchase a residential service contract from a residential service company licensed by TREC. If Buyer purchases a residential service contract, Seller shall reimburse Buyer at closing for the cost of the residential service contract in an amount not exceeding $ __N/A__ . Buyer should review any residential service contract for the scope of coverage, exclusions and limitations. **The purchase of a residential service contract is optional. Similar coverage may be purchased from various companies** authorized to do business in Texas.

J.  GOVERNMENT PROGRAMS: The Property is subject to the government programs listed below or on the attached exhibit __None.__
Seller shall provide Buyer with copies of all governmental program agreements. Any allocation or proration of payment under governmental programs is made by separate agreement between the parties which will survive closing.

8. BROKERS' FEES: All obligations of the parties for payment of brokers' fees are contained in separate written agreements.

9. CLOSING:

A.  The closing of the sale will be on or before _____ **August 21** _____, **2020** _____, or within 7 days after objections listed under Paragraph 6D have been cured or waived, whichever date is later (Closing Date). If either party fails to close the sale by the Closing Date, the non-defaulting party may exercise the remedies contained in Paragraph 15.

B.  At closing:       special
    (1) Seller shall execute and deliver a ~~general~~ warranty deed conveying title to the Property to Buyer and showing no additional exceptions to those permitted in Paragraph 6, an assignment of Leases, and furnish tax statements or certificates showing no delinquent taxes on the Property.
    (2) Buyer shall pay the Sales Price in good funds acceptable to the escrow agent.
    (3) Seller and Buyer shall execute and deliver any notices, statements, certificates, affidavits, releases, loan documents and other documents reasonably required for the closing of the sale and the issuance of the Title Policy.
    (4) There will be no liens, assessments, or security interests against the Property which will not be satisfied out of the sales proceeds unless securing the payment of any loans assumed by Buyer and assumed loans will not be in default.
    (5) If the Property is subject to a residential lease, Seller shall transfer security deposits (as defined under §92.102, Property Code), if any, to Buyer. In such an event, Buyer shall deliver to the tenant a signed statement acknowledging that the Buyer has acquired the Property and is responsible for the return of the security deposit, and specifying the exact dollar amount of the security deposit.

10. POSSESSION:

A.  Buyer's Possession: Seller shall deliver to Buyer possession of the Property in its present or required condition, ordinary wear and tear excepted: ☒ upon closing and funding ☐ according to a temporary residential lease form promulgated by TREC or other written lease required by the parties. Any possession by Buyer prior to closing or by Seller after closing which is not authorized by a written lease will establish a tenancy at sufferance relationship between the parties. **Consult your insurance agent prior to change of ownership and possession because insurance coverage may be limited or terminated. The absence of a written lease or appropriate insurance coverage may expose the parties to economic loss.**

B.  Leases:
    (1) After the Effective Date, Seller may not execute any lease (including but not limited to mineral leases) or convey any interest in the Property without Buyer's written consent.
    (2) If the Property is subject to any lease to which Seller is a party, Seller shall deliver to Buyer copies of the lease(s) and any move-in condition form signed by the tenant within 7 days after the Effective Date of the contract.

11. SPECIAL PROVISIONS: (Insert only factual statements and business details applicable to the sale. TREC rules prohibit license holders from adding factual statements or business details for which a contract addendum or other form has been promulgated by TREC for mandatory use.)

**This contract is subject to bankruptcy Court approval for it to be binding on the seller. Such approval includes the opportunity for third parties to bid a higher price on the same terms as are in this contract. If such a bid occurs, all potential buyers may participate in a bidding process as described in the motion and order approving the sale. The motion to sell has a 21 day notice period before the bankruptcy Court will consider approval.**

**The Closing Date may be extended a reasonable period of time to complete the above described bankruptcy court approval process.**

Initialed for identification by Buyer _____ and Seller _____
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Contract Concerning  "Turnbow" - SW/4 of Sec 67, Blk 17, H&GN, Wheeler Co., TX  Page 6 of 10  2-12-18
(Address of Property)

**12. SETTLEMENT AND OTHER EXPENSES:**

A. The following expenses must be paid at or prior to closing:

(1) Expenses payable by Seller (Seller's Expenses):

(a) Releases of existing liens, including prepayment penalties and recording fees; release of Seller's loan liability; tax statements or certificates; preparation of deed; one-half of escrow fee; and other expenses payable by Seller under this contract.

(b) Seller shall also pay an amount not to exceed $ N/A _____ to be applied in the following order: Buyer's Expenses which Buyer is prohibited from paying by FHA, VA, Texas Veterans Land Board or other governmental loan programs, and then to other Buyer's Expenses as allowed by the lender.

(2) Expenses payable by Buyer (Buyer's Expenses) Appraisal fees; loan application fees; origination charges; credit reports; preparation of loan documents; interest on the notes from date of disbursement to one month prior to dates of first monthly payments; recording fees; copies of easements and restrictions; loan title policy with endorsements required by lender; loan-related inspection fees; photos; amortization schedules; one-half of escrow fee; all prepaid items, including required premiums for flood and hazard insurance, reserve deposits for insurance, ad valorem taxes and special governmental assessments; final compliance inspection; courier fee; repair inspection; underwriting fee; wire transfer fee; expenses incident to any loan; Private Mortgage Insurance Premium (PMI), VA Loan Funding Fee, or FHA Mortgage Insurance Premium (MIP) as required by the lender; and other expenses payable by Buyer under this contract.

B. If any expense exceeds an amount expressly stated in this contract for such expense to be paid by a party, that party may terminate this contract unless the other party agrees to pay such excess. Buyer may not pay charges and fees expressly prohibited by FHA, VA, Texas Veterans Land Board or other governmental loan program regulations.

**13. PRORATIONS AND ROLLBACK TAXES:**

A. PRORATIONS: Taxes for the current year, interest, maintenance fees, assessments, dues and rents will be prorated through the Closing Date. The tax proration may be calculated taking into consideration any change in exemptions that will affect the current year's taxes. If taxes for the current year vary from the amount prorated at closing, the parties shall adjust the prorations when tax statements for the current year are available. If taxes are not paid at or prior to closing, Buyer shall pay taxes for the current year. Rentals which are unknown at time of closing will be prorated between Buyer and Seller when they become known.

B. ROLLBACK TAXES: If this sale or Buyer's use of the Property after closing results in the assessment of additional taxes, penalties or interest (Assessments) for periods prior to closing, the Assessments will be the obligation of Buyer. If Assessments are imposed because of Seller's use or change in use of the Property prior to closing, the Assessments will be the obligation of Seller. Obligations imposed by this paragraph will survive closing.

**14. CASUALTY LOSS:** If any part of the Property is damaged or destroyed by fire or other casualty after the Effective Date of this contract, Seller shall restore the Property to its previous condition as soon as reasonably possible, but in any event by the Closing Date. If Seller fails to do so due to factors beyond Seller's control, Buyer may (a) terminate this contract and the earnest money will be refunded to Buyer, (b) extend the time for performance up to 15 days and the Closing Date will be extended as necessary or (c) accept the Property in its damaged condition with an assignment of insurance proceeds, if permitted by Seller's insurance carrier, and receive credit from Seller at closing in the amount of the deductible under the insurance policy. Seller's obligations under this paragraph are independent of any other obligations of Seller under this contract.

**15. DEFAULT:** If Buyer fails to comply with this contract, Buyer will be in default, and Seller may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money as liquidated damages, thereby releasing both parties from this contract. If Seller fails to comply with this contract for any other reason, Seller will be in default and Buyer may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money, thereby releasing both parties from this contract.

**16. MEDIATION:** It is the policy of the State of Texas to encourage resolution of disputes through alternative dispute resolution procedures such as mediation. Any dispute between Seller and Buyer related to this contract which is not resolved through informal discussion will be submitted to a mutually acceptable mediation service or provider. The parties to the mediation shall bear the mediation costs equally. This paragraph does not preclude a party from seeking equitable relief from a court of competent jurisdiction.

**17. ATTORNEY'S FEES:** A Buyer, Seller, Listing Broker, Other Broker, or escrow agent who prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding.

Initialed for identification by Buyer _____ and Seller _____  TREC NO. 25-12
Produced with zipForm© by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com  TURN BOW

| Contract Concerning | "Turnbow" - SW/4 of Sec 67, Blk 17, H&GN, Wheeler Co., TX | Page 7 of 10 | 2-12-18 |
|---|---|---|---|

(Address of Property)

**18. ESCROW:**

    A. ESCROW: The escrow agent is not (i) a party to this contract and does not have liability for the performance or nonperformance of any party to this contract, (ii) liable for interest on the earnest money and (iii) liable for the loss of any earnest money caused by the failure of any financial institution in which the earnest money has been deposited unless the financial institution is acting as escrow agent.

    B. EXPENSES: At closing, the earnest money must be applied first to any cash down payment, then to Buyer's Expenses and any excess refunded to Buyer. If no closing occurs, escrow agent may: (i) require a written release of liability of the escrow agent from all parties, (ii) require payment of unpaid expenses incurred on behalf of a party, and (iii) only deduct from the earnest money the amount of unpaid expenses incurred on behalf of the party receiving the earnest money.

    C. DEMAND: Upon termination of this contract, either party or the escrow agent may send a release of earnest money to each party and the parties shall execute counterparts of the release and deliver same to the escrow agent. If either party fails to execute the release, either party may make a written demand to the escrow agent for the earnest money. If only one party makes written demand for the earnest money, escrow agent shall promptly provide a copy of the demand to the other party. If escrow agent does not receive written objection to the demand from the other party within 15 days, escrow agent may disburse the earnest money to the party making demand reduced by the amount of unpaid expenses incurred on behalf of the party receiving the earnest money and escrow agent may pay the same to the creditors. If escrow agent complies with the provisions of this paragraph, each party hereby releases escrow agent from all adverse claims related to the disbursal of the earnest money.

    D. DAMAGES: Any party who wrongfully fails or refuses to sign a release acceptable to the escrow agent within 7 days of receipt of the request will be liable to the other party for (i) damages; (ii) the earnest money; (iii) reasonable attorney's fees; and (iv) all costs of suit.

    E. NOTICES: Escrow agent's notices will be effective when sent in compliance with Paragraph 21. Notice of objection to the demand will be deemed effective upon receipt by escrow agent.

**19. REPRESENTATIONS:** All covenants, representations and warranties in this contract survive closing. If any representation of Seller in this contract is untrue on the Closing Date, Seller will be in default. Unless expressly prohibited by written agreement, Seller may continue to show the Property and receive, negotiate and accept back up offers.

**20. FEDERAL TAX REQUIREMENTS:** If Seller is a "foreign person," as defined by Internal Revenue Code and its regulations, or if Seller fails to deliver an affidavit or a certificate of non-foreign status to Buyer that Seller is not a "foreign person," then Buyer shall withhold from the sales proceeds an amount sufficient to comply with applicable tax law and deliver the same to the Internal Revenue Service together with appropriate tax forms. Internal Revenue Service regulations require filing written reports if currency in excess of specified amounts is received in the transaction.

**21. NOTICES:** All notices from one party to the other must be in writing and are effective when mailed to, hand-delivered at, or transmitted by fax or electronic transmission as follows:

| To Buyer | To Seller |
|---|---|
| at: PO Box 128 | at: 2700 S. Western St., Suite 300 |
| Shamrock, Texas 79079 | Amarillo, TX 79109 |
| Phone: (806)662-2511 | Phone: (806)242-7437 |
| Fax: | Fax: |
| E-mail: | E-mail: kent@kentries.com |

Initialed for Identification by Buyer _____ and Seller _____ 

TREC NO. 25-12
TURN BOW
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

Contract Concerning    **"Turnbow" - SW/4 of Sec 67, Blk 17, H&GN, Wheeler Co., TX**    Page 8 of 10    2-12-18

(Address of Property)

**22. AGREEMENT OF PARTIES:** This contract contains the entire agreement of the parties and cannot be changed except by their written agreement. Addenda which are a part of this contract are (check all applicable boxes):

☐ Third Party Financing Addendum

☐ Seller Financing Addendum

☐ Addendum for Property Subject to Mandatory Membership in a Property Owners Association

☐ Buyer's Temporary Residential Lease

☐ Loan Assumption Addendum

☐ Addendum for Sale of Other Property by Buyer

☐ Addendum for "Back-Up" Contract

☐ Addendum for Coastal Area Property

☐ Addendum for Authorizing Hydrostatic Testing

☐ Addendum Concerning Right to Terminate Due to Lender's Appraisal

☐ Addendum for Reservation of Oil, Gas and Other Minerals

☐ Environmental Assessment, Threatened or Endangered Species and Wetlands Addendum

☐ Seller's Temporary Residential Lease

☐ Short Sale Addendum

☐ Addendum for Property Located Seaward of the Gulf Intracoastal Waterway

☐ Addendum for Seller's Disclosure of Information on Lead-based Paint and Lead -based Paint Hazards as Required by Federal Law

☐ Addendum for Property in a Propane Gas System Service Area

☐ Other (list): _____

_____

_____

_____

_____

**23. TERMINATION OPTION:** For nominal consideration, the receipt of which is hereby acknowledged by Seller, and Buyer's agreement to pay Seller $ **N/A** _____ (Option Fee) within 3 days after the Effective Date of this contract, Seller grants Buyer the unrestricted right to terminate this contract by giving notice of termination to Seller within _____ **N/A** _____ days after the Effective Date of this contract (Option Period). Notices under this paragraph must be given by 5:00 p.m. (local time where the Property is located) by the date specified. If no dollar amount is stated as the Option Fee or if Buyer fails to pay the Option Fee to Seller within the time prescribed, this paragraph will not be a part of this contract and Buyer shall not have the unrestricted right to terminate this contract. If Buyer gives notice of termination within the time prescribed, the Option Fee will not be refunded; however, any earnest money will be refunded to Buyer. The Option Fee ☐will ☐will not be credited to the Sales Price at closing. **Time is of the essence for this paragraph and strict compliance with the time for performance is required.**

**24. CONSULT AN ATTORNEY BEFORE SIGNING:** TREC rules prohibit real estate license holders from giving legal advice. READ THIS CONTRACT CAREFULLY.

| Buyer's | | Seller's | |
|---|---|---|---|
| Attorney is: | Lynn Tate | Attorney is: | |
| Phone: | (806)379-0375 | Phone: | |
| Fax: | (806)242-0543 | Fax: | |
| E-mail: | lynn.tate@uwlaw.com | E-mail: | |

**EXECUTED the** _____ **day of** _____ , _____ **(EFFECTIVE DATE).**
(BROKER: FILL IN THE DATE OF FINAL ACCEPTANCE.)

_____
Buyer  Clifford Oldham

_____
Seller  Kent Ries, Court Ordered Liquidator

_____
Buyer

_____
Seller



The form of this contract has been approved by the Texas Real Estate Commission. TREC forms are intended for use only by trained real estate license holders. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, (512) 936- 3000 (http://www.trec.texas.gov) TREC NO. 25-12. This form replaces TREC NO. 25-11.

TREC NO. 25-12

| Contract Concerning | "Turnbow" - SW/4 of Sec 67, Blk 17, H&GN, Wheeler Co., TX | Page 9 of 10 | 2-12-18 |
|---|---|---|---|
| | *(Address of Property)* | | |

## RATIFICATION OF FEE

Listing Broker has agreed to pay Other Broker _____ **N/A** _____ of the total Sales Price when Listing Broker's fee is received. Escrow Agent is authorized and directed to pay Other Broker from Listing Broker's fee at closing.

Other Broker:
By: _____

Listing Broker:
By: _____

## BROKER INFORMATION AND AGREEMENT FOR PAYMENT OF BROKERS' FEES

| N/A | | Lewis Whitaker Real Estate, LLC | 9009284 |
|---|---|---|---|
| Other Broker | License No. | Listing or Principal Broker | License No. |
| N/A | | DBA Whitaker Real Estate | |
| Associate's Name | License No. | Listing Associate's Name | License No. |
| N/A | | lewis@whitakerrealestate.com | (806)356-6100 |
| Associate's Email Address | Phone | Listing Associate's Email Address | Phone |
| N/A | | Lewis Whitaker | 0194719 |
| Licensed Supervisor of Associate | License No | Licensed Supervisor of Listing Associate | License No. |
| N/A | | | |
| Other Broker's Office Address | Phone | 4800 I-40 West Ste.101 | (806)356-6100 |
| | | Listing Broker's Office Address | Phone |
| N/A | | Amarillo | TX | 79106 |
| City | State | Zip | City | State | Zip |

represents
☐ Buyer only as Buyer's agent
☐ Seller as Listing Broker's subagent

| Selling Associate | License No. |
|---|---|
| Selling Associate's Email Address | Phone |
| Licensed Supervisor of Selling Associate | License No. |
| Selling Associate's Office Address | |
| City | State | Zip |

represents  ☒ Seller Only
☐ Buyer Only
☐ Seller and Buyer as an intermediary

Upon closing of the sale by Seller to Buyer of the Property described in the contract to which this fee agreement is attached: (a) ☐ Seller ☐ Buyer will pay Listing/Principal Broker ☐ a cash fee of $ **N/A** or ☐ **N/A** % of the total Sales Price; and (b) ☐ Seller ☐ Buyer will pay Other Broker ☐ a cash fee of $ **N/A** or ☐ **N/A** % of the total Sales Price. Seller/Buyer authorizes and directs Escrow Agent to pay the brokers from the proceeds at closing.

Brokers' fees are negotiable. Brokers' fees or the sharing of fees between brokers are not fixed, controlled, recommended, suggested or maintained by the Texas Real Estate Commission.

Seller _____

Buyer _____

Seller _____

Buyer _____

Do not sign if there is a separate written agreement for payment of Brokers' fees.

TREC NO. 25-12
TURN BOW

Contract Concerning ___"Turnbow" - SW/4 of Sec 67, Blk 17, H&GN, Wheeler Co., TX___ Page 10 of 10     2-12-18
(Address of Property)

---

## OPTION FEE RECEIPT

Receipt of $N/A_____ (Option Fee) in the form of _____ N/A
is acknowledged.

Seller or Listing Broker                                        Date

---

## EARNEST MONEY RECEIPT

Receipt of $2,000.00_____ Earnest Money in the form of _____
is acknowledged.

Wheeler Title & Abstract Co.                  chefley@sheltontitleco.com
Escrow Agent               Received by        Email Address               Date/Time

PO Box 506 or 112 E Texas Ave                 (806)826-3526
Address                                                                   Phone

Wheeler          TX          79096            (806)826-5013
City              State        Zip                                         Fax

---

## CONTRACT RECEIPT

Receipt of the Contract is acknowledged.

Wheeler Title & Abstract Co.                  chefley@sheltontitleco.com
Escrow Agent               Received by        Email Address               Date

PO Box 506 or 112 E Texas Ave                 (806)826-3526
Address                                                                   Phone

Wheeler          TX          79096            (806)826-5013
City              State        Zip                                         Fax

---

## ADDITIONAL EARNEST MONEY RECEIPT

Receipt of $N/A_____ additional Earnest Money in the form of _____ N/A
is acknowledged.

N/A                                           N/A
Escrow Agent               Received by        Email Address               Date/Time

N/A
Address                                                                   Phone

N/A
City              State        Zip                                         Fax