Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR P.C.
500 N. Akard St., Ste. 3800
Dallas, Texas 75201
Telephone: 214-855-7500
Facsimile: 214-855-7584

ATTORNEYS FOR LESLIE PRITCHARD

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| THE LIQUIDATION OF THE GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, LLC, | § | ADVERSARY NO. 19-2006 |
| | § | |
| Defendants. | § | |

**OBJECTION OF LESLIE PRITCHARD TO
MOTIONS TO SELL MOBEETIE PROPERTY AND BARN PLACE PROPERTY**

TO THE HONORABLE ROBERT L. JONES, U.S. BANKRUPTCY JUDGE:

COMES NOW Leslie Pritchard ("Pritchard"), court-appointed liquidator for Galmor Family Limited Partnership (the "GFLP") and Galmor Management, L.L.C. ("GM"), the entities being liquidated in this proceeding, and files this her limited objection to: (i) *Motion for Authority*

to Sell "Mobeetie" Real Property; and (i) *Motion for Authority to Sell "Barn Place" Real Property* (the "Sale Motions"), filed by Kent Ries ("Ries"), in his capacity as the manager and liquidator of GFLP and GM responsible for selling real property, respectfully stating as follows:

1. In this unusual Texas state law liquidation proceeding, over which the Court has related to jurisdiction under 28 U.S.C. § 1334 with respect to which all parties have consented to this Court's entry of final orders, the Court has generally appointed Pritchard as the manager and liquidator of GFLP for all purposes expect to sell real property, with respect to which the Court appointed Ries as the Manager and Liquidator.

2. Ries now proposes to sell the "Mobeetie" property consisting of 100 acres for the price of $105,000.00, and the "Barn Place" property consisting of 300 acres for $255,000.00. Pritchard objects to the Sale Motions because these prices are insufficient and because Ries and his broker have not done a sufficient job exposing these properties to the market. Among other things, and upon information and belief:

   (i) the broker did not place "for sale" signs on the properties, even though they are on heavily travelled roads, which would have led to substantially more exposure;

   (ii) the broker did not list the properties in local papers, journals, flyers, or other publications, print and on-line, where interested persons would look for similar properties and would therefore know that the properties were available;

   (iii) the broker listed the properties only on his website, which has a limited following, and of which many potentially interested persons would not even know of; and

   (iv) the market generally does not know that the properties are for sale, which defeats the whole point of a broker and of marketing.

3. Ries will respond that the offers are at the listing prices. But that is part of the problem: as Pritchard tried to explain, the listing prices were too low. When listing property like

this, one does not list it for the lowest possible price. That is way too easy: everyone makes a commission, but the persons (the Galmor family children) with the actual pecuniary interest get less than what a fair price would bring. Rather, one lists the properties for a higher amount and, if necessary, one negotiates down based on offers. Here, and without trying to be disrespectful, the broker simply took the easiest way out possible, instead of earning his keep.

4. As evidence, the sale prices are between approximately $800 and $1,000 per acre, which is significantly lower than prevailing rates, upon information and belief. Additionally, the Wheeler County Appraisal District appraises the Mobeetie property at $142,870, while it appraises the Barn Place property at $314,070—substantially higher than now proposed. And these are tax assessed values; market values are likely significantly higher. Moreover, it appears that Ries obtained the contracts approximately five (5) weeks after signing the listing agreements, which is a short time indeed. Pritchard believes that additional time would yield greater results. Likewise, while Pritchard respects and appreciates Ries' effort to conduct a mini-auction for these properties, as outlined in the Sale Motions, there is no evidence or indication that any potentially interested bidder knows of that potential so as to make that potential meaningful.

5. Pritchard is not suggesting that some discount is inappropriate, or that everyone should wait for top dollar. What she is saying is that there should be no sale without an adequate marketing process and adequate exposure to the market. If it is true that the broker merely listed these properties on his web site and did not even place "for sale" signs on the properties, then that is inadequate under any standard and is not commercially reasonable.

6. Accordingly, Pritchard objects to the Sale Motions unless and until the broker places "for sales" sings on the properties, advertises the properties in a commercially reasonable manner for that location and that market, and additional time, with such marketing efforts, is given, with an advertised mini-auction conducted by Ries in the end with notice to all interested bidders.

WHEREFORE, PREMISES CONSIDERED, Pritchard respectfully requests that the Court deny the Sale Motions without prejudice, and that the Court grant her such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 15th day of July, 2020.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas Berghman, Esq.
    Texas Bar No. 24082683
    3800 Ross Tower
    500 North Akard St.
    Dallas, Texas 75201
    Telephone: (214) 855-7500
    Facsimile: (214) 978-4375

**ATTORNEYS FOR LESLIE PRITCHARD**

## CERTICIATE OF SERVICE

The undersigned hereby certifies that, on this the 15th day of July, 2020, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on Kent Ries.

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.