



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed July 30, 2020**

United States Bankruptcy Judge

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MICHAEL STEPHEN GALMOR, | § § § | CASE NO. 18-20209-RLJ-7 |
| Debtor. | § § | |
| And | § § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § § § § | CASE NO. 18-20210-RLJ-7 |
| Debtor. | § § | |
| KENT RIES, Trustee | § § | |
| | § § § | ADVERSARY NO. 19-2006 |
| THE LIQUIDATION OF THE GALMOR FAMILY LIMITED PARTNERSHIP AND GALMOR MANAGEMENT, L.L.C., | § § § § § | |

AGREED ORDER APPROVING MOTION TO SELL BARN PLACE REAL PROPERTY – Page 1

**AGREED ORDER APPROVING MOTION TO SELL BARN PLACE REAL PROPERTY**

Kent Ries, Trustee of the above referenced Chapter 7 bankruptcy estates and Court Appointed Liquidator of the real property owned by the Galmor Family Limited Partnership ("Trustee") has filed a Motion for Authority to Sell Barn Place Real Property ("Motion"). In his Motion, Trustee seeks authority to sell real property (the "Barn Place Property") more particularly described as follows:

> A 299.45 acre tract of land out of the East ½ of Section 9, Block A-8, H&GN RY. Co. Survey, Wheeler County, Texas, as described in Volume 11, Page 100 of the Deed Records of Wheeler County, Texas., more particularly described as follows:
>
> BEGINNING at a set ½" rebar in the North Right-of-Way line of F.M. Road #592, which bears N. 00° 09' E. a distance of 61.4 ft. and N. 89° 51' W. a distance of 688.88 ft. from the common corner of Sections 3, 4, 9 and 10 all in said Block A-8;
>
> THENCE N. 89° 51' W. along the said North Right-of-Way line a distance of 1212.0 to a set ½" rebar w/cap for a corner of this tract;
>
> THENCE N. 00° 09' E. a distance of 10.0 ft. to a set ½" rebar w/cap in the North Right-of-Way line of F.M. Road #592 for a corner of this tract; (ROW widens 10.0 ft. here)
>
> THENCE N. 89° 51' W. along the said North Right-of-Way line a distance of 744.62 ft. to a set ½" rebar w/cap for a corner of this tract;
>
> THENCE N. 00° 09' E. along the ½ section line a distance of 5209.2 ft. to a set ½" rebar w/cap for a corner of this tract;
>
> THENCE S. 89° 51' E. along the north section line a distance of 2595.5 ft. to a set ½" rebar w/cap in the West Right-of-Way line of U.S. Hwy. #83 for a corner of this tract and being 50.0 ft. west of the northeast corner of said Section 9;
>
> THENCE S. 00° 09' E. along the ½ section line a distance of 5209.2 ft. to a set ½" rebar w/cap for a corner of this tract;
>
> THENCE S. 89° 51' E. along the north section line a distance of 2595.5 ft. to a set ½" rebar w/cap in the West Right-of-Way line of U.S. Hwy. #83 for a corner of this tract and being 50.0 ft. west of the northeast corner of said Section 9;
>
> THENCE S. 00° 09' W. along the said West Right-of-Way line a distance of 3360.0 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE N. 89° 51' W. a distance of 362.0 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE S. 00° 09' W. a distance of 600.0 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE S. 89° 51' E. a distance of 362.0 ft. to a set ½" rebar w/cap in the West Right-of-Way line of U.S. Hwy. #83 for a corner of this tract and being 50.0 ft. west of the east section line of said Section 9 for a corner of this tract;

THENCE S. 00° 09' W. along the said West Right-of-Way line a distance of 660.0 ft. to a set ½" rebar for a corner of this tract;

THENCE N. 89° 51' W. a distance of 214.0 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE S. 00° 09' W. a distance of 247.5 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE N. 89° 51' W. a distance of 424.88 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE S. 00° 09' W. a distance of 351.7 ft. to the place of beginning and containing 299.45 acres of land.

The Court is informed that the only party to have objected to the Motion has agreed to the entry of this Order, as evidenced by counsels' signatures below.  The Court finds core jurisdiction over the subject matter of the Motion, that notice of the sale has been adequate under the circumstances and, after having reviewed said Motion and the terms of the sale proposed therein, the Objection to the Motion and the parties agreement herein, finds the relief sought by the Trustee is in order and the parties' agreement should be approved.  It is therefore

**ORDERED, ADJUDGED AND DECREED** that Kent Ries, Trustee herein, be and the same is hereby authorized to sell the Barn Place Property for at least $255,000.00, as more particularly described in the Trustee's Motion; It is further

**ORDERED, ADJUDGED AND DECREED**, that, subject to the review and objection period below, the Trustee is authorized to pay all valid liens and all contracted for and commercially reasonable closing expenses and commissions; It is further

**ORDERED, ADJUDGED AND DECREED**, that the Trustee will provide counsel for the objecting party (Leslie Pritchard) the proposed closing statement at least 48 hours prior to closing, with that party reserving the right to object to the closing, except as to the purchase price and the 5% broker commission, and that, if such objection is timely lodged, the closing shall not proceed and the Trustee shall file a motion for expedited relief, which the Court shall hear on an expedited basis, and at which the Court shall make such additional findings, conclusions, and orders as may be proper; It is further

**ORDERED, ADJUDGED AND DECREED**, except for the liens, expenses, and commissions authorized to be paid as above, the Trustee shall hold and safeguard all remaining sale proceeds and shall not use the same without further order of this Court, upon such motion as may be appropriate; It is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser of the Barn Place Property must, through its principal, sign an affidavit of disinterestedness substantially in the form attached hereto and incorporated herein for all purposes, and that such affidavit shall be provided to counsel for Leslie Pritchard at least 48 hours prior to closing; It is further

**ORDERED, ADJUDGED AND DECREED**, that the Trustee may provide to the title company closing this sale a Certificate (substantially in the form attached hereto and incorporated herein for all purposes) that the proposed closing statement and affidavit of disinterestness have been provided to the objecting party and that no timely objection has been

made with respect to such documents, and that the title company can rely on such Certificate in closing this sale; It is further

**ORDERED, ADJUDGED AND DECREED**, that the Trustee be and the same is hereby authorized to execute all documents and instruments necessary to carry out the purposes of intent of this Order; It is further

**ORDERED, ADJUDGED AND DECREED**, that the sale as authorized herein shall be by special warranty deed, and on an as is, where is, with all present defects basis; It is further

**ORDERED, ADJUDGED AND DECREED,** that the fourteen day stay requirement pursuant to F.R.B.P. 6004(h) is waived.

## # End of Order # # #

AGREED AS TO SUBSTANCE AND FORM:

| Kent Ries, Attorney at Law<br>State Bar No. 16914050<br>2700 S. Western St., Suite 300<br>Amarillo, Texas 79109<br>(806) 242-7437<br> (806) 242-7440– Fax<br><br>COUNSEL FOR TRUSTEE | MUNSCH HARDT KOPF & HARR, P.C.<br><br>By: /s/ Davor Rukavina<br>Davor Rukavina, Esq.<br>Texas Bar No. 24030781<br>3800 Ross Tower<br>500 North Akard St.<br>Dallas, Texas 75201<br>Telephone: (214) 855-7500<br>Facsimile: (214) 978-4375<br><br>ATTORNEYS FOR LESLIE PRITCHARD |

## **AFFIDAVIT OF DISINTERESTEDNESS**

STATE OF TEXAS § 
 § 
COUNTY OF _____ §

Before me, the undersigned authority, on this day personally appeared _____ _____, a person whose lawful identify I confirmed, and who did, upon being sworn, state the following under oath and penalty of perjury:

1. I am over the age of 21 and am otherwise competent to give this Declaration. I have personal knowledge of the matters stated herein.

2. I am a _____ of BC Buckingham Properties, LP ("BC Buckingham"), the proposed buyer of that certain real property being sold by Kent Ries and the Galmor Family Limited Partnership. I understand that Mr. Ries and the Galmor Family Limited Partnership, and the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, are relying on this Declaration.

3. BC Buckingham is not purchasing said property, directly or indirectly for, or in concert with, Michael Stephen Galmor nor any entity known to me to be affiliated with Mr. Galmor. BC Buckingham is not an agent of Michael Stephen Galmor.

4. BC Buckingham is not obtaining any of the purchase price for said property, by way or loan, gift, or otherwise, directly or indirectly, from Michael Stephen Galmor or any entity known to me to be affiliated with Mr. Galmor.

5. Neither I nor BC Buckingham, or any principal of BC Buckingham, have any present relationship, business, familial, or otherwise, with Michael Stephen Galmor. Michael Stephen Galmor is not, was not, and is not intended to be, a principal, owner, partner, employee, or agent of BC Buckingham.

**AGREED ORDER APPROVING MOTION TO SELL BARN PLACE REAL PROPERTY** – Page 6

FURTHER AFFIANT SAYETH NOT.

                                                       Name: _____

Subscribed before me, the undersigned notary public in and for the State of Texas, on this the ___ day of _____ , 2020, to witness which I hereby set forth my seal.

[seal]                                    Name: _____

                                                    Commission Expires: _____

**CERTIFICATE OF KENT RIES, COURT APPOINTED LIQUIDATOR OF THE REAL PROPERTY OWNED BY THE GALMOR FAMILY LIMITED PARTNERSHIP**

In connection with the closing of the Barn Place real property, Kent Ries ("Ries") does hereby certify that the proposed closing statement provided by Wheeler Title & Abstract Co. ("Wheeler Title") has been provided to counsel for Leslie Pritchard, and that no objection has been timely received with respect to closing the Barn Place real property under the terms of that closing statement.

Further, Ries does hereby certify that an affidavit of disinterestedness has been properly executed by the purchaser, that it has been provided to counsel for Galmor Family Limited Partnership and that no objection has been timely received with respect to such affidavit.

Date:_____

_____
Kent Ries