

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed August 12, 2020**

**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
|    Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
|    Debtor. | § | |
| | § | |
| KENT RIES, Trustee | § | |
| | § | |
| | § | ADVERSARY NO. 19-2006 |
| | § | |
| THE LIQUIDATION OF THE GALMOR FAMILY LIMITED PARTNERSHIP AND GALMOR MANAGEMENT, L.L.C., | § | |

AGREED ORDER APPROVING MOTION TO SELL THE BRADLEY REAL PROPERTY – Page 1

## AGREED ORDER APPROVING MOTION TO SELL
## THE BRADLEY REAL PROPERTY

Kent Ries, Trustee of the above referenced Chapter 7 bankruptcy estates and Court Appointed Liquidator of the real property owned by the Galmor Family Limited Partnership ("Trustee") has filed a Motion for Authority to Sell the Bradley Real Property ("Motion"). In his Motion, Trustee seeks authority to sell real property (the "Bradley Property") more particularly described in Exhibit "A" attached hereto and incorporated herein for all purposes.

The Court is informed that the only party to have informally objected to the Motion has agreed to the entry of this Order, as evidenced by counsels' signatures below. The Court finds core jurisdiction over the subject matter of the Motion, that notice of the sale has been adequate under the circumstances and, after having reviewed said Motion and the terms of the sale proposed therein, the Objection to the Motion and the parties agreement herein, finds the relief sought by the Trustee is in order and the parties' agreement should be approved. It is therefore

**ORDERED, ADJUDGED AND DECREED** that Kent Ries, Trustee herein, be and the same is hereby authorized to sell the Bradley Property for at least $550,947.00, as more particularly described in the Trustee's Motion; It is further

**ORDERED, ADJUDGED AND DECREED**, that, subject to the review and objection period below, the Trustee is authorized to pay all valid liens and all contracted for and commercially reasonable closing expenses and commissions; It is further

**ORDERED, ADJUDGED AND DECREED**, that the Trustee will provide counsel for the objecting party (Leslie Pritchard) the proposed closing statement at least 48 hours prior to closing, with that party reserving the right to object to the closing, except as to the purchase price and the 5% broker commission, and that, if such objection is timely lodged, the closing shall not proceed and the Trustee shall file a motion for expedited relief, which the Court shall hear on an

expedited basis, and at which the Court shall make such additional findings, conclusions, and orders as may be proper; It is further

**ORDERED, ADJUDGED AND DECREED**, except for the liens, expenses, and commissions authorized to be paid as above, the Trustee shall hold and safeguard all remaining sale proceeds and shall not use the same without further order of this Court, upon such motion as may be appropriate; It is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser of the Bradley Property must, through its principal, sign an affidavit of disinterestedness substantially in the form attached hereto and incorporated herein for all purposes, and that such affidavit shall be provided to counsel for Leslie Pritchard at least 48 hours prior to closing; It is further

**ORDERED, ADJUDGED AND DECREED**, that the Trustee may provide to the title company closing this sale a Certificate (substantially in the form attached hereto and incorporated herein for all purposes) that the proposed closing statement and affidavit of disinterestness have been provided to the objecting party and that no timely objection has been made with respect to such documents, and that the title company can rely on such Certificate in closing this sale; It is further

**ORDERED, ADJUDGED AND DECREED**, that the Trustee be and the same is hereby authorized to execute all documents and instruments necessary to carry out the purposes of intent of this Order; It is further

**ORDERED, ADJUDGED AND DECREED**, that the sale as authorized herein shall be by special warranty deed, and on an as is, where is, with all present defects basis; It is further

**ORDERED, ADJUDGED AND DECREED,** that the fourteen day stay requirement pursuant to F.R.B.P. 6004(h) is waived.

## # End of Order # # #

AGREED AS TO SUBSTANCE AND FORM:

| | |
|---|---|
| Kent Ries, Attorney at Law<br>State Bar No. 16914050<br>2700 S. Western St., Suite 300<br>Amarillo, Texas 79109<br>(806) 242-7437<br> (806) 242-7440– Fax<br><br>COUNSEL FOR TRUSTEE | MUNSCH HARDT KOPF & HARR, P.C.<br><br>By: /s/  Davor Rukavina<br>Davor Rukavina, Esq.<br>Texas Bar No. 24030781<br>3800 Ross Tower<br>500 North Akard St.<br>Dallas, Texas  75201<br>Telephone: (214) 855-7500<br>Facsimile: (214) 978-4375<br><br>ATTORNEYS FOR LESLIE PRITCHARD |

## **AFFIDAVIT OF DISINTERESTEDNESS**

STATE OF TEXAS §
§
COUNTY OF _____ §

Before me, the undersigned authority, on this day personally appeared _____ _____, a person whose lawful identify I confirmed, and who did, upon being sworn, state the following under oath and penalty of perjury:

1. I am over the age of 21 and am otherwise competent to give this Declaration. I have personal knowledge of the matters stated herein.

2. I am the proposed buyer of that certain real property being sold by Kent Ries and the Galmor Family Limited Partnership. I understand that Mr. Ries and the Galmor Family Limited Partnership, and the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, are relying on this Declaration.

3. I am not purchasing said property, directly or indirectly for, or in concert with, Michael Stephen Galmor nor any entity known to me to be affiliated with Mr. Galmor. I am not an agent of Michael Stephen Galmor.

4. I am not obtaining any of the purchase price for said property, by way or loan, gift, or otherwise, directly or indirectly, from Michael Stephen Galmor or any entity known to me to be affiliated with Mr. Galmor.

5. I have no present relationship, business, familial, or otherwise, with Michael Stephen Galmor.

FURTHER AFFIANT SAYETH NOT.

_____

Name: _____

Subscribed before me, the undersigned notary public in and for the State of Texas, on this the ___ day of _____ , 2020, to witness which I hereby set forth my seal.

[seal]                                Name: _____

                                                  Commission Expires: _____

## **CERTIFICATE OF KENT RIES, COURT APPOINTED LIQUIDATOR OF THE REAL PROPERTY OWNED BY THE GALMOR FAMILY LIMITED PARTNERSHIP**

In connection with the closing of the Bradley real property, Kent Ries ("Ries") does hereby certify that the proposed closing statement provided by Wheeler Title & Abstract Co. ("Wheeler Title") has been provided to counsel for Leslie Pritchard, and that no objection has been timely received with respect to closing the Bradley real property under the terms of that closing statement.

Further, Ries does hereby certify that an affidavit of disinterestedness has been properly executed by the purchaser, that it has been provided to counsel for Galmor Family Limited Partnership and that no objection has been timely received with respect to such affidavit.

Date:_____

_____
Kent Ries

## LEGAL DESCRIPTION – BRADLEY PLACE

All of Section 59, Block 17, H&GN Ry. Co. Survey, Wheeler County, Texas, SAVE AND EXCEPT the following tracts of land:

**TRACT I:** A part of Section 59, Block 17, H&GN Ry. Co. Survey, Wheeler County, Texas, as conveyed by a deed dated February 2, 1931, recorded in Volume 74, Page 212, Deed Records, Wheeler County, Texas, and being more particularly described as follows:

Beginning at the Southwest corner of said Section 59;

Thence North with the J.W.S. Leake west line forty-five and seven tenths (45.7) feet to the north right-of-way line of State Highway No. 75 in Wheeler County as surveyed by the Resident Engineer of the State Highway Department;

Thence with the north right-of-way line of said highway which is fifty (50) feet from and parallel to the center line of said highway S. 89° 51' E. nineteen hundred three and three tenths (1903.3) feet;

Thence North with said right-of-way line N. 0° 9'W. fifty (50) feet;

Thence with said right-of-way line S. 89° 51' E. eight hundred (800) feet;

Thence South with said right-of-way line N. 0° 9'W. fifty (50) feet;

Thence with said right-of-way line S. 89° 51' E. twenty-five hundred ninety-four and six tenths (2594.6) feet to J.W.S. Leake's east line;

Thence South with J.W.S. Leake's south line of said Section;

Thence West with the south line of said Section to the point of beginning and the end of this tract containing 6.324 acres of land, more or less.

**TRACT II:** 1.033 acres of land, more or less, as conveyed in a deed recorded on November 4, 1941, in Volume 103, Page 43, Deed Records, Wheeler County, Texas, and being more particularly described in two parcels, as follows:

**PARCEL A:** Being a strip of land out of and being a part of Section 59, Block 17, H&GN Ry. Co. Survey, 10' wide and 1903.3' long, the near side being 50' North of the center line of U. S. Hwy. 66, and the far side 60' North of said center line, and between Station 954 ⁄ 96.7 and Station 974 ⁄ 00.

Said center line is more particularly described as follows, to-wit:

Beginning at a point 4.3' South of the southwest corner of Section 59, Block 17, H&GN Ry. Co. Survey, same being Station 954 ⁄ 96.7;

Thence S. 89° 51' E. for a distance of 1903.3' to Station 974 ⁄ 00.

LEGAL DESCRIPTION – BRADLEY PLACE

Said strip of land containing 0.437 acres of land, more or less.

**PARCEL B:** Being a strip of land out of and being a part of Section 59, Block 17, H&GN Ry. Co. Survey, 10' wide and 2594.6' long, the near side being 50' North of the center line of U. S. Hwy. 66, and the far side 60' North of said center line, and between Station 982 ∤ 00 and Station 1007 ∤ 94.6.

Said center line is more particularly described as follows, to-wit:

Beginning at a point 5.4' South and 2703.3' East of the southwest corner of Section 59, Block 17, H&GN Ry. Co. Survey, same being Station 982 ∤ 00;

Thence S. 89° 51' E. for a distance of 2594.6' to a point 6.8' South of the southeast corner of said survey, same being Station 1007 ∤ 94.6.

Said strip of land containing 0.596 acres of land, more or less.

**TRACT III:** Being 20.480 acres of land, more or less, out of and being a part of that certain South one-half section of land lying an being in Section 59, Block 17, H&GN Ry. Co. Survey, Wheeler County, Texas, said one-half section being the same land described in a deed from J. H. Dekle to Eugene Worley dated August 23, 1956, recorded in Volume 155, Page 18, Deed Records of Wheeler County, Texas; said 20.480 acre parcel of land being more particularly described by metes and bounds as follows:

Beginning at a point 146.70 feet North 00° 00' East and 22.90 feet South 89° 51' East of the southwest corner of Section 59, Block 17, H&GN Ry. Co. Survey, said point being in the East boundary line of a county road and the existing North ROW line for U.S. Hwy. 66;

Thence South 89° 51' East, a distance of 1287.10 feet along the said existing North ROW line for U.S. Hwy. 66 to a point;

Thence North 00° 09' East, a distance of 88.00 feet along the said existing North ROW line for U.S. Hwy. 66 to a point;

Thence South 89° 51' East, a distance of 200.00 feet along the said existing North ROW line for U.S. Hwy. 66 to a point;

Thence South 88° 59' East, a distance of 1200.00 along the said existing North ROW line for U.S. Hwy. 66 to a point;

Thence South 89° 51' East, a distance of 224.00 feet along the said existing North ROW line for U.S. Hwy. 66 to a point;

Thence South 00° 09' West, a distance of 88.00 feet along the said existing North ROW line for U.S. Hwy. 66 to a point;

## LEGAL DESCRIPTION – BRADLEY PLACE

Thence South 89° 51' East, a distance of 2335.30 feet along the said existing North ROW line for U.S. Hwy. 66 to a point in the West boundary line of a county road, said point being 126.20 feet North 00° 35' 40" East and 17.86 feet North 89° 51' West of the southeast corner of said Section 59;

Thence North 00° 35'40" East, a distance of 171.00 feet along the said West boundary line of a county road, parallel to and 17.86 feet from the East line of said Section 59, to a point in the proposed North ROW line for Interstate Hwy. 40;

Thence 89° 51' West, a distance of 141.34 feet along the said proposed North ROW line for Interstate Hwy. 40, to the point of curvature of a circular curve to the right having a radius of 11,419.16 feet;

Thence in a westerly direction, a distance of 252.46 feet along said circular to the right having a radius of 11,419.16 feet to the point of tangency of said circular curve;

Thence North 88° 35' West, a distance of 1865.25 feet along the said proposed North ROW line for Interstate Hwy. 40, to a point;

Thence North 89° 51' West, a distance of 2989.57 feet along the said proposed North ROW line for Interstate Hwy. 40, to a point in the said East boundary line of a county road;

Thence South 00° 00' West, a distance of 197.07 feet along the said East boundary line of a county road, parallel to and 22.90 feet from the West line of said Section 59, to the point of beginning and containing 20.48 acres of land, more or less, and all being in the new Right-of-Way.