



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed August 12, 2020**

United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
|     Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
|     Debtor. | § | |
| | § | |
| KENT RIES, Trustee | § | |
| | § | |
| | § | ADVERSARY NO. 19-2006 |
| | § | |
| THE LIQUIDATION OF THE GALMOR FAMILY LIMITED PARTNERSHIP AND GALMOR MANAGEMENT, L.L.C., | § | |

## AGREED ORDER APPROVING MOTION TO SELL
## THE PITCOCK PLACE REAL PROPERTY

Kent Ries, Trustee of the above referenced Chapter 7 bankruptcy estates and Court Appointed Liquidator of the real property owned by the Galmor Family Limited Partnership ("Trustee") has filed a Motion for Authority to Sell the Pitcock Place Real Property ("Motion"). In his Motion, Trustee seeks authority to sell real property (the "Pitcock Place Property") more particularly described in Exhibit "A" attached hereto and incorporated herein for all purposes.

The Court is informed that the only party to have informally objected to the Motion has agreed to the entry of this Order, as evidenced by counsels' signatures below. The Court finds core jurisdiction over the subject matter of the Motion, that notice of the sale has been adequate under the circumstances and, after having reviewed said Motion and the terms of the sale proposed therein, the Objection to the Motion and the parties agreement herein, finds the relief sought by the Trustee is in order and the parties' agreement should be approved. It is therefore

**ORDERED, ADJUDGED AND DECREED** that Kent Ries, Trustee herein, be and the same is hereby authorized to sell the Pitcock Place Property for at least $317,380.00, as more particularly described in the Trustee's Motion; It is further

**ORDERED, ADJUDGED AND DECREED**, that, subject to the review and objection period below, the Trustee is authorized to pay all valid liens and all contracted for and commercially reasonable closing expenses and commissions; It is further

**ORDERED, ADJUDGED AND DECREED**, that the Trustee will provide counsel for the objecting party (Leslie Pritchard) the proposed closing statement at least 48 hours prior to closing, with that party reserving the right to object to the closing, except as to the purchase price and the 5% broker commission, and that, if such objection is timely lodged, the closing shall not proceed and the Trustee shall file a motion for expedited relief, which the Court shall hear on an

expedited basis, and at which the Court shall make such additional findings, conclusions, and orders as may be proper; It is further

**ORDERED, ADJUDGED AND DECREED**, except for the liens, expenses, and commissions authorized to be paid as above, the Trustee shall hold and safeguard all remaining sale proceeds and shall not use the same without further order of this Court, upon such motion as may be appropriate; It is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser of the Pitcock Place Property must, through its principal, sign an affidavit of disinterestedness substantially in the form attached hereto and incorporated herein for all purposes, and that such affidavit shall be provided to counsel for Leslie Pritchard at least 48 hours prior to closing; It is further

**ORDERED, ADJUDGED AND DECREED**, that the Trustee may provide to the title company closing this sale a Certificate (substantially in the form attached hereto and incorporated herein for all purposes) that the proposed closing statement and affidavit of disinterestness have been provided to the objecting party and that no timely objection has been made with respect to such documents, and that the title company can rely on such Certificate in closing this sale; It is further

**ORDERED, ADJUDGED AND DECREED**, that the Trustee be and the same is hereby authorized to execute all documents and instruments necessary to carry out the purposes of intent of this Order; It is further

**ORDERED, ADJUDGED AND DECREED**, that the sale as authorized herein shall be by special warranty deed, and on an as is, where is, with all present defects basis; It is further

**ORDERED, ADJUDGED AND DECREED,** that the fourteen day stay requirement pursuant to F.R.B.P. 6004(h) is waived.

### # End of Order # # #

AGREED AS TO SUBSTANCE AND FORM:

| | |
|---|---|
| Kent Ries, Attorney at Law<br>State Bar No. 16914050<br>2700 S. Western St., Suite 300<br>Amarillo, Texas 79109<br>(806) 242-7437<br> (806) 242-7440– Fax<br><br>COUNSEL FOR TRUSTEE | MUNSCH HARDT KOPF & HARR, P.C.<br><br>By: /s/  Davor Rukavina<br>Davor Rukavina, Esq.<br>Texas Bar No. 24030781<br>3800 Ross Tower<br>500 North Akard St.<br>Dallas, Texas  75201<br>Telephone: (214) 855-7500<br>Facsimile: (214) 978-4375<br><br>ATTORNEYS FOR LESLIE PRITCHARD |

## **AFFIDAVIT OF DISINTERESTEDNESS**

STATE OF TEXAS　　　　　　　　§
　　　　　　　　　　　　　　　　§
COUNTY OF _____　　§

Before me, the undersigned authority, on this day personally appeared _____ _____, a person whose lawful identify I confirmed, and who did, upon being sworn, state the following under oath and penalty of perjury:

1. I am over the age of 21 and am otherwise competent to give this Declaration. I have personal knowledge of the matters stated herein.

2. I am the proposed buyer of that certain real property being sold by Kent Ries and the Galmor Family Limited Partnership. I understand that Mr. Ries and the Galmor Family Limited Partnership, and the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, are relying on this Declaration.

3. I am not purchasing said property, directly or indirectly for, or in concert with, Michael Stephen Galmor nor any entity known to me to be affiliated with Mr. Galmor. I am not an agent of Michael Stephen Galmor.

4. I am not obtaining any of the purchase price for said property, by way or loan, gift, or otherwise, directly or indirectly, from Michael Stephen Galmor or any entity known to me to be affiliated with Mr. Galmor.

5. I have no present relationship, business, familial, or otherwise, with Michael Stephen Galmor.

FURTHER AFFIANT SAYETH NOT.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Name: _____

Subscribed before me, the undersigned notary public in and for the State of Texas, on this the ___ day of _____ , 2020, to witness which I hereby set forth my seal.

[seal]   Name: _____

Commission Expires: _____

## CERTIFICATE OF KENT RIES, COURT APPOINTED LIQUIDATOR OF THE REAL PROPERTY OWNED BY THE GALMOR FAMILY LIMITED PARTNERSHIP

In connection with the closing of the Pitcock Place real property, Kent Ries ("Ries") does hereby certify that the proposed closing statement provided by Wheeler Title & Abstract Co. ("Wheeler Title") has been provided to counsel for Leslie Pritchard, and that no objection has been timely received with respect to closing the Pitcock Place real property under the terms of that closing statement.

Further, Ries does hereby certify that an affidavit of disinterestedness has been properly executed by the purchaser, that it has been provided to counsel for Galmor Family Limited Partnership and that no objection has been timely received with respect to such affidavit.

Date:_____

                                                                                         _____
                                                                                         Kent Ries

## LEGAL DESCRIPTION
## "PITCOCK PLACE"

All of the South one-half (S/2) of Section No. 11, Block A-8, H&GN Ry. Co. Survey, Wheeler County, Texas,
**SAVE AND EXCEPT** a 2.62 acre tract of land being more particularly described as follows:
Being a strip of land along and adjacent to the centerline of Farm-to-Market Highway No. 592.
**BEGINNING** at the southwest corner of Section No. 11, in Block A-8, of the H&GN Ry. Co. Surveys, the same
being 5.8 feet South of the centerline of the Highway at Station 53/08;
**THENCE** East along the south line of said Section, 2636 feet to a point, the same being 2.9 feet South of the
centerline of the highway at Station 79/44;
**THENCE** North along the east line of said tract of land, 42.9 feet to a point;
**THENCE** N. 89°51' W. 40 feet distant from and parallel to the centerline of the highway, 2636 feet to a point;
**THENCE** South along the west line of said Section, 45.8 feet to the **PLACE OF BEGINNING** and containing
2.62 acres, more or less.