Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR P.C.
500 N. Akard St., Ste. 3800
Dallas, Texas 75201
Telephone: 214-855-7500
Facsimile: 214-855-7584

ATTORNEYS FOR LESLIE PRITCHARD

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MICHAEL STEPHEN GALMOR, | § § § | CASE NO. 18-20209-RLJ-7 |
| Debtor. | § § § | |

| | | |
|---|---|---|
| In re: | § § § | |
| THE LIQUIDATION OF THE GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, LLC, | § § § § | ADVERSARY NO. 19-2006 |

**AGREED MOTION OF LESLIE PRITCHARD TO RELEASE
$100,000.00 IN FUNDS HELD BY KENT RIES**

TO THE HONORABLE ROBERT L. JONES, U.S. BANKRUPTCY JUDGE:

COMES NOW Leslie Pritchard ("Pritchard"), in her capacity as the co-liquidator of the Galmor Family Limited Partnership and Galmor Management, LLC, and files this her *Agreed Motion to Release $100,000.00 in Funds Held by Kent Ries* (the "Motion"), respectfully stating as follows:

1. This Adversary Proceeding concerns the liquidation of the Galmor Family Limited Partnership ("FLP") and its general partner, Galmor Management, LLC ("GM). By its *Agreed Judgment: (i) Ordering Supervised Liquidation of Texas Entities; and (ii) Appointing Managers of the Same; and (iii) Severing Remaining Claims* [docket no. 26] (the "Agreed Judgment"), the Court: (i) appointed Kent Ries ("Ries") to liquidate the real property held by the FLP; and (ii) appointed

Pritchard as the liquidator and manager of the FLP for all other matters, including to liquidate any personal property of the FLP.

2. A separate adversary proceeding also pending before this Court is styled *Kent Ries, Trustee v. Galmor Family Limited Partnership and Galmor Management, LLC*, Adversary Proceeding No. 20-2003 (the "Collection Action"). In the Collection Action, Ries, as plaintiff, seeks a judgment against the FLP and GM for prepetition amounts allegedly owing by the same to Michael Stephen Galmor and to Galmor's/G&G Steam Service, Inc., chapter 7 debtors being administered by Ries as trustee. According to the sworn schedules of Michael Stephen Galmor (the "Galmor Estate"), Schedule B, Number 30, the FLP is indebted to the Galmor Estate in the total amount of $1,310,807.00. According to the sworn schedules of Galmor's/G&G Steam Service, Inc. (the "G&G Estate"), Schedule B, Number 74, the FLP is indebted to the G&G Estate in the total amount of $1,096,051.32.

3. Pritchard, as the liquidator and manager of the FLP and GM, is defending against Ries' claims in the Collection Action. To date, Pritchard has been funding that defense from the FLP bank account that was delivered to her pursuant to the Agreed Judgment (which includes the collection of a long term debt that was owed to the FLP) and out of her own pocket. And, while she has uncovered personal property owned by the FLP, she has yet to liquidate the same (and is preparing to file motions with this Court to effectuate the same). Pritchard has made payments to her counsel and expert in excess of $58,000.00 from the FLP bank account, which now has minimal funds remaining. In short, Pritchard needs funds to continue defending the FLP and GM in the Collection Action.

4. To-date, Ries has liquidated all or substantially all of the real property owned by the FLP. After payment of liens against such properties, and closing costs incurred in the sale of the

properties, Ries is holding approximately $1,742,762.50 in proceeds. No judgment in the Collection Action has been entered. Thus, as of now, said funds held by Ries are the property of the FLP, subject to his claims that all such funds belong to his underlying estates as both a creditor and an equity owner of the FLP.

5. The Agreed Judgment at page 7 provides Pritchard may:

> retain one or more professionals to assist with the management and liquidation of GFLP and GMLLC, including any related litigation, and to pay the same from the funds of GFLP and GMLLC, all without further order, but subject to supervision of the Court and to the ability of any interested party to seek relief from the Court with respect to the same, provided, however, that the same may not be paid from the proceeds of any real property of GFLP or GMLLC without either the consent of the Trustee or separate motion and order of this Court

6. Pritchard has now requested of Ries that Ries provide her with certain of the FLP sale proceeds in order to enable Pritchard to continue defending the Collection Action and to continue seeking to discover, seize, and liquidate personal property of the FLP.[1] Ries does not believe he can unilaterally consent to this Motion, as the two bankruptcy estate claims exceed the FLP funds he is holding. Such consent could be construed by the estates' creditors as a breach of his fiduciary duty to those estates since it appears that the FLP is insolvent, and further dilution of the FLP assets would worsen that insolvency. That said, Ries is agreeable to a Court Order that allows the transfer requested in this Motion, based on the terms described herein. Ries' agreement is based on his acknowledgement that Pritchard's counsel and experts have provided, and continue to provide, services to the FLP in the Collection Action. Although Ries disputes the prudence of Pritchard's

---

[1] Stephen Michael Galmor, at a recent deposition, testified that he continues to hold a large amount of vehicles, firearms, machinery, and equipment that may be property of the FLP—none of which he scheduled. Pritchard intends to move for turnover and to compel Mr. Galmor to provide the same to the FLP. If, however, any this personalty is not property of the FLP, then it would be property of Ries' bankruptcy estate as (undisclosed) prepetition property of the debtor. In that case, Ries and his estate would be directly benefited from Pritchard's actions.

litigation and other actions in managing the FLP, he recognizes her professionals should be paid for the services they have provided.

7. After negotiations, Ries, without admitting that Pritchard is entitled to any funds, and without conceding any disputed point or waiving or releasing any claim or right, including any claims Ries may have against Pritchard as the manager of the FLP or otherwise, and solely to facilitate compromise and minimize dispute, litigation risk, and litigation expense, has agreed to provide Pritchard with an absolute cap of $100,000.00 of the FLP proceeds from the real estate sales, conditioned on Pritchard agreeing: (i) not to seek any further distribution of such proceeds for any reason whatsoever until the Collection Action is fully and finally resolved and paid; (ii) to use said $100,000.00 solely for FLP purposes as the liquidator and manager of the FLP; and (iii) specifically not to distribute any funds to the FLP equity owners, as such is forbidden by the Agreed Judgment. Pritchard hereby agrees to said conditions.

WHEREFORE, PREMISES CONSIDERED, Pritchard respectfully requests that the Court enter the attached Agreed Order: (i) providing that Ries will distribute $100,000.00 of FLP real property sale proceeds to Pritchard; (ii) which shall be the sole and final amount of such funds that Pritchard shall seek from the real estate proceeds and which shall be used by Pritchard solely to represent the interests of FLP pursuant to her authority in the Agreed Judgment.

RESPECTFULLY SUBMITTED this 15th day of June, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/  Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas Berghman, Esq.
    Texas Bar No. 24082683
    3800 Ross Tower
    500 North Akard St.
    Dallas, Texas  75201
    Telephone: (214) 855-7500
    Facsimile: (214) 978-4375

**ATTORNEYS FOR LESLIE PRITCHARD**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 15th day of June, 2021, true and correct copies of this document and the proposed order hereon were electronically served on all parties in this Adversary Proceeding, and that, additionally, on the same day he caused the foregoing to be served by e-mail on Kent Ries, at Kent@kentries.com.

By: /s/  Davor Rukavina
    Davor Rukavina, Esq.