IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| THE LIQUIDATION OF THE GALMOR | § | ADVERSARY NO. 19-2006 |
| FAMILY LIMITED PARTNERSHIP and | § | |
| GALMOR MANAGEMENT, LLC, | § | |

**AGREED ORDER RELEASING TO LESLIE PRITCHARD
$100,000.00 IN FUNDS HELD BY KENT RIES**

CAME ON FOR CONSIDERATION the *Agreed Motion of Leslie Pritchard to Release $100,000.00 In Funds Held by Kent Ries* (the "Motion"), filed by Leslie Pritchard ("Pritchard"), in her capacity as the co-liquidator of the Galmor Family Limited Partnership ("FLP"). Finding that service and notice of the Motion was sufficient and appropriate and, based on the agreement of Kent Ries ("Ries") to the relief requested in the Motion, as evidenced by his signature below, that cause for granting the Motion exists, it is hereby:

ORDERED that the Motion is GRANTED, including all the terms of the parties agreement described in the Motion; it is further

ORDERED that, no later than 10 days after the entry of this Order, Ries shall transfer $100,000.00 of the proceed of his sales of FLP real property (the "Funds") to Pritchard, in her capacity and role as liquidator and manager of the FLP; it is further

ORDERED that the Funds shall be transferred solely upon the agreement of Ries and the Court makes no finding that Ries is otherwise obligated to transfer any funds to Pritchard, and Ries' agreement to transfer the Funds shall in no way be used as an admission by Ries or to prejudice Ries of any claim or right Ries has against the FLP or Pritchard; it is further

ORDERED that the Funds shall be the only distribution to be made by Ries to Pritchard pursuant to the Court's *Agreed Judgment: (i) Ordering Supervised Liquidation of Texas Entities; and (ii) Appointing Managers of the Same; and (iii) Severing Remaining Claims* (the "Agreed Judgment"), and Pritchard is absolutely barred from making any further requests of the Funds until the Collection Action (Adversary No. 20-2003) is fully and finally resolved and paid; it is further

ORDERED that the Funds shall be transferred to, and held in, the retainer account of Pritchard's counsel, Munsch Hardt Kopf & Harr, P.C., and may be used by Pritchard solely to pay for legal fees and expenses, including expert fees and expenses, and only for such purposes within Pritchard's authority and role as provided in the Agreed Judgment, and that any unused portion of the Funds shall remain the property of the FLP subject to final distribution as may otherwise be provided for herein.

### END OF ORDER ###

**AGREED AS TO SUBSTANCE AND FORM:**

| **MUNSCH HARDT KOPF & HARR, P.C.** | **KENT RIES:** |
|---|---|
| By: /s/ Davor Rukavina <br> Davor Rukavina, Esq. <br> Texas Bar No. 24030781 <br> Thomas Berghman, Esq. <br> Texas Bar No. 24082683 <br> 3800 Ross Tower <br> 500 North Akard St. <br> Dallas, Texas 75201 <br> Telephone: (214) 855-7500 <br> Facsimile: (214) 978-4375 <br><br> **ATTORNEYS FOR LESLIE PRITCHARD** | By: /s/ Kent Ries (*w/ permission*) <br> Kent Ries, Trustee and Attorney for Trustee <br> State Bar No. 16914050 <br> 2700 S. Western St., Suite 300 <br> Amarillo, Texas 79109 <br> (806) 242-7437 <br> (806) 242-7440 - Fax |