# MUTUAL SETTLEMENT AND RELEASE AGREEMENT

This *Mutual Settlement and Release Agreement* is executed as of this ____ day of May, 2022, by and among the various Parties (defined below) as follows:

WHEREAS, on June 19, 2018, Michael Stephen Galmor ("MSG") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby initiating Case No. 18-20209 (the "MSG Case") in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division (the "Bankruptcy Case") and creating his bankruptcy estate (the "MSG Estate"), which MSG Case the Bankruptcy Court ordered converted to Chapter 7 on January 8, 2019, upon which Kent Ries (the "Trustee") was appointed as the Chapter 7 trustee of the MSG Estate;

WHEREAS, on June 19, 2018, Galmor's/G&G Steam Services, Inc. ("G&G") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby initiating Case No. 18-20210 (the "G&G Case") in the Bankruptcy Court and creating its bankruptcy estate (the "G&G Estate"), which G&G Case the Bankruptcy Court ordered converted to Chapter 7 on January 8, 2019, upon which the Trustee was appointed as the Chapter 7 trustee of the G&G Estate;

WHEREAS, the Trustee has asserted claims against The Galmor Family Limited Partnership (the "FLP") and Galmor Management, L.L.C. ("GM") now pending in Adversary Proceeding No. 20-2003 in the Bankruptcy Court (the "Debt Adversary"), alleging that the FLP and GM owe the G&G Estate $1,096,051.32, plus interest and attorney's fees (the "Alleged Debt"), which Alleged Debt the FLP has denied;

WHEREAS, the general partner of the FLP is Galmor Management, L.L.C. ("GM");

WHEREAS, the FLP is owned 1% by GM, 49% by the Galmor Family Trust and 49% by the Galmor Contribution Trust (such two trusts, the "Trusts"), and the trustee for each of the Trusts is Michael Brandon Galmor (the "Trusts Trustee");

WHEREAS, the Bankruptcy Court, by final judgment, ordered the liquidation of GM and the FLP in Adversary Proceeding No. 19-2006 (the "Liquidation Adversary") and, in the Liquidation Proceeding, appointed the Trustee and Leslie Pritchard ("Pritchard") as co-liquidators of GM and the FLP, with the Trustee the liquidator of the FLP's real property and Pritchard the liquidator of all other property of the FLP;

WHEREAS, the Trustee has completed the liquidation of the real property of the FLP and, after making various payments as approved by the Bankruptcy Court, holds $1,601,619.18 in net proceeds from such liquidation (the "Real Estate Proceeds");

WHEREAS, in addition to the alleged interests of the Trustee as creditor of the FLP, on behalf of the MSG Estate and the G&G Estate, the Trustee, on behalf of

EXHIBIT "A"

the MSG Estate, Randy Mark "Rudas" Galmor ("RMG"), Pritchard, Traci Coleman ("Coleman"), and Shawn Zaointz ("Zaointz") claim equity interests against the Trusts and the FLP and, indirectly, against the Real Estate Proceeds;

WHEREAS, Pritchard, as the liquidator of the FLP, has advanced sizable amounts to-date to defend the FLP in the Debt Adversary and to locate property of the FLP, and will expend future sizable amounts in attorney's fees, accounting fees, and otherwise to complete the winding-up of the FLP, and therefore asserts that she is entitled to a greater distribution from the FLP and the Trusts on account of the aforementioned equity interests;

WHEREAS, the Trustee, Pritchard, the Trusts Trustee, RMG, Coleman, and Zaointz (collectively, the "Parties" and each a "Party") desire to settle all known and outstanding disputes, claims, and controversies between then, including with respect to any distribution from the FLP and the Trusts, in order to save the costs, expenses, burdens, and risks of litigation, and for finality, but without admitting any fault or claim,

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each Party, the Parties, incorporating the recitals above into this Agreement, agree, represent, and covenant as follows:

1.  Effective Date.  This Agreement shall become effective on the 15th day after the Bankruptcy Court enters the Approval Order (defined below) in both the G&G Case and the Liquidation Adversary if no appeal of the Approval Order is filed in either the G&G Case or the Liquidation Adversary or, if such an appeal is filed in either such case, no stay pending appeal has been ordered by such day.

2.  Approval Order.  The "Approval Order" means an order of the Bankruptcy Court entered in each of the G&G Case and the Liquidation Adversary approving this Agreement *in toto* and authorizing the Trustee and Pritchard, respectively, to enter into this Agreement and to effectuate this Agreement according to its terms.  To that end, each of the Trustee, in the G&G Case, and Pritchard, in the Liquidation Adversary, shall use their best efforts to obtain the Bankruptcy Court's approval of this Agreement by appropriate motion(s), which motion(s) they shall each be entitled to approve as to form prior to filing, and which motion(s) they shall jointly prosecute, giving each other reasonable assistance, including through counsel and witnesses, as they may agree.  The Approval Order must be entered in each of the G&G Case and the Liquidation Adversary, even if in different forms.  To the extent that the Bankruptcy Court approves some, but not all, of this Agreement, the Parties shall have the option, but not the obligation, to modify this Agreement to bring it into compliance with the Bankruptcy Court's ruling.

3.  Dismissal of Debt Adversary.  No later than three (3) business days of the Effective Date, the Trustee and Pritchard shall file such stipulation or agreed order in the Debt Adversary so as to dismiss the Debt Adversary with prejudice, with each party therein to bear its own attorney's fees and costs incurred therein (without prejudice

to the Trustee's and Pritchard's rights to seek compensation, attorney's fees, and expenses from their respective estates).

4. <u>Release of Trustee in Liquidation Adversary</u>.  On the Effective Date, and without need for further action, order, or document, the Trustee shall be fully released as co-liquidator in the Liquidation Adversary, and shall be exculpated against any claims arising from the Liquidation Adversary, and the Approval Order shall so provide, except as to any obligation of the Trustee under this Agreement.  To the extent that the FLP has any real property not administered by the Trustee as of the Effective Date, Pritchard shall administer the same as the sole remaining liquidator of the FLP, and the Approval Order shall so provide.

5. <u>Division of Real Estate Proceeds</u>.  On the Effective Date, and without need for further action, order, or document, the Real Estate Proceeds shall be distributed as follows: (i) $750,758.99 to the G&G Estate (the "<u>G&G Payment</u>"); and (ii) $850,860.19 to the FLP (the "<u>FLP Payment</u>"), for which purpose the Trustee shall wire to Pritchard the FLP Payment no later than three (3) business days after the Effective Date.  The G&G Payment shall be on account of debt claims of G&G against the FLP and not on account of any equity or other interest in the FLP or the Trusts that the Trustee, G&G, or MSG may have, and the Approval Order shall so find; *provided however* that the foregoing is without prejudice to any allocation of the G&G Payment as between the MSG Estate and the G&G Estate to the extent that the Bankruptcy Court so orders.

6. <u>Division of G&G Payment</u>.  On the Effective Date, the G&G Payment shall be distributed as follows: (i) $545,758.99 to the G&G Estate, free and clear of all claims, liens, interests, and encumbrances assertable by any other Party (excepting the Trustee's right to compensation therefrom), for the Trustee to subsequently administer as is otherwise appropriate; and (ii) $205,000.00 to RMG free and clear of all claims, liens, interests, and encumbrances assertable by any other Party, which payment the Trustee shall make from the G&G Payment to RMG no later than three (3) business days after the Effective Date.

7. <u>Division of FLP Payment</u>.  On the Effective Date, the FLP Payment shall be distributed as follows: (i) $150,000.00 to Coleman; (ii) $150,000.00 to Zaointz; and (iii) $150,000.00 to Pritchard, which payments Pritchard shall make no later than three (3) business days after receipt of the FLP Payment from the Trustee. Additionally, Pritchard shall receive from the FLP Payment $400,860.19 (the "<u>Supplemental Pritchard Payment</u>").  The Supplemental Pritchard Payment shall compensate Pritchard for her advances to the FLP of attorney's fees and other fees and expenses and shall, additionally, be used by Pritchard to conclude the winding-down and administration of the FLP and, to the extent that any other person is allowed a claim against the FLP, including tax claims, such claims shall be paid (without prejudice to all defenses, rights, allocations, and pro-rations) from the Supplemental Pritchard Payment.

8. <u>Administration of the Trusts</u>.  Each of the $150,000.00 payments to Pritchard, Coleman, and Zaointz, but, for the avoidance of doubt, not the G&G Payment and not the Supplemental Pritchard Payment (which are instead debt payments), shall be deemed to have been made to and through the Trusts first, and then distributed by the Trusts.  The Trusts shall be administered through their liquidation and final distribution by the Trusts Trustee, and Pritchard, from the Supplemental Pritchard Payment, shall pay the reasonable attorney's fees, accounting fees, and other fees and expenses that may be necessary thereto.

9. <u>Transfer of FLP Personal Property</u>.  On the Effective Date, and without need for further action, order, or document, the personal property of the FLP listed on Exhibit "A" hereto (the "<u>FLP Personal Property</u>") shall be transferred by the FLP to the Trustee on behalf of the G&G Estate (the "<u>FLP Personal Property Transfer</u>").  The FLP Personal Property Transfer shall be without warranty or representation of any kind, including any warranty that any of the FLP Personal Property exists, and the Trustee shall take the FLP Personal Property on an "as-is, where-is" basis, with no obligation or duty on the part of Pritchard or the FLP to assist the Trustee in any way with respect to the same, and all obligations, burdens, and expense of the Trustee in locating, assembling, and monetizing the FLP Personal Property shall be borne by the Trustee (or his estates, as may otherwise be proper).  To evidence the FLP Personal Property Transfer, Pritchard shall, no later than three (3) business days after the Effective Date, execute and deliver to the Trustee that certain Bill of Sale attached hereto as Exhibit "B."  Notwithstanding the foregoing, any airplane that may otherwise be the property of the FLP, the Trusts, or the MSG Estate shall not be FLP Personal Property and all right, title, and interest that the Trustee, MSG, or the MSG Estate may have in and to the same shall be automatically transferred to the FLP to be administered by Pritchard in the Liquidation Adversary.  It is understood, acknowledged, and agreed that the FLP Personal Property, upon transfer to the Trustee, shall thereafter be divided between the Trustee and RMG as they shall mutually agree.

10. <u>RMG Releases</u>.  On the Effective Date, and without need for further action, order, or document:

   a. RMG, on behalf of himself and any person able to claim through him, hereby releases and forever discharges each of the Trustee, Pritchard, the FLP, GM, Coleman, Zaointz, the Trusts Trustee, and the Trusts, and each of their respective attorneys, agents, members, officers, directors, managers, employees, spouses, and successors, from any and all claims, causes of action, debts, and rights which RMG owns, known or unknown, against any of the foregoing, including, without limitation, to any distribution or other payment from the FLP, GM, or the Trusts;

   b. Each of the Trustee, Pritchard, the FLP, GM, Coleman, Zaointz, the Trusts Trustee, and the Trusts, on behalf of themselves and any person able to claim through them, hereby releases and forever discharges RMG, his attorneys, agents, spouse, and successors, from any and all claims, causes

MUTUAL SETTLEMENT AND RELEASE AGREEMENT—Page 4

of action, debts, and rights which any of the foregoing owns, known or unknown, against any of the foregoing,

*provided, however,* that nothing contained herein releases any Party from any obligation under this Agreement.

11. <u>Trustee Releases</u>. On the Effective Date, and without need for further action, order, or document:

    a. The Trustee, on behalf of himself, the MSG Estate, and the G&G Estate, and any person able to claim through any of them, hereby releases and forever discharges each of RMG, Pritchard, the FLP, GM, Coleman, Zaointz, the Trusts Trustee, and the Trusts, and each of their respective attorneys, agents, members, officers, directors, managers, employees, spouses, and successors, from any and all claims, causes of action, debts, and rights which the Trustee owns, known or unknown, against any of the foregoing, including, without limitation, to any distribution or other payment from the FLP, GM, or the Trusts;

    b. Each of RMG, Pritchard, the FLP, GM, Coleman, Zaointz, the Trusts Trustee, and the Trusts, on behalf of themselves and any person able to claim through them, hereby releases and forever discharges the Trustee, the MSG Estate, and the G&G Estate, and their attorneys, agents, spouse, and successors, from any and all claims, causes of action, debts, and rights which any of the foregoing owns, known or unknown, against any of the foregoing,

    *provided, however,* that nothing contained herein releases any Party from any obligation under this Agreement.

12. <u>Limited Releases</u>. For the avoidance of doubt, all releases in this Agreement are strictly limited according to their terms and, in no event, is any claim or right that Pritchard, the FLP, or the Trusts may have against MSG personally released or otherwise affected by this Agreement, except to the extent that the same is part of the FLP Personal Property, in which case the same is transferred to the Trustee.

13. <u>Limited Indemnification</u>. The FLP, which shall include the Pritchard Supplemental Payment, agrees to indemnify and hold the Trustee harmless, including with respect to reasonable attorney's fees and expenses, against any claim, cause of action, or liability that may be asserted against the Trustee for, on account of, or related to the G&G Payment. If any such claim is alleged, the Trustee shall promptly notify Pritchard of the same and, in addition to all rights, Pritchard shall have the option, but not the obligation, to defend the Trustee against any such claim. However, in no event shall Pritchard's obligation under this section of this Agreement exceed the amount of the Pritchard Supplemental Payment.

14. <u>No Third Party Beneficiaries</u>.  There are no intended third party beneficiaries to this Agreement.  This Agreement may only be enforced by the Parties hereto, except as may be provided for otherwise under applicable law.

15. <u>Entire Agreement</u>.  This Agreement embodies the entire agreement of the Parties with regard to the subject matter hereof.  There are no representations, promises, warranties, understandings or agreements expressed or implied, oral or otherwise, in relation thereto, except those expressly referred to or set forth herein.  Each of the Parties acknowledges that the execution and delivery of this Agreement is its free and voluntary act and deed, and that said execution and delivery have not been induced by, nor done in reliance upon, any representations, promises, warranties, understandings or agreements made by any other Party, its agents, officers, employees or representatives.

16. <u>Changes in Writing</u>.  No promise, representation, warranty or agreement made subsequent to the execution and delivery of this Agreement by any Party hereto, and no revocation, partial or otherwise, or change, amendment or addition to, or alteration or modification of, this Agreement shall be valid unless the same shall be in writing signed by all of the Parties.

17. <u>Choice of Law</u>.  This Agreement shall be governed by and construed according to the laws of the State of Texas, without regard to conflicts of law principles.

18. <u>Attorneys' Fees.</u>  Should any Party hereto breach any term of this Agreement, the breaching Party shall pay the non-breaching Party all reasonable attorneys' fees and other costs and fees incurred by the non-breaching Party in enforcing this Agreement or preparing for legal or other proceedings, whether or not said proceedings are instituted.  In the event a lawsuit or other proceeding is brought by any Party based on this Agreement or breach thereof, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and other costs and fees incurred enforcing this Agreement, in addition to all other legal, equitable, or injunctive relief.

19. <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be considered an original counterpart.  Any signed Agreement or signature page to this Agreement that is transmitted by facsimile or in the portable document format (.pdf) shall be treated in all respects as an original Agreement or signature page.

20. <u>Warranty of Authority</u>.  Except as is otherwise provided with respect to the Approval Order, each Party to this Agreement represents and warrants to each other Party that: (i) it owns the rights and claims affected by this Agreement, including with respect to any release; and (ii) it has full authority to enter into and to execute this Agreement.

21. <u>Transfer of Trust Interests</u>.  For the avoidance of doubt, upon the completion and fulfilment of the terms of this Agreement, Trustee, RMG, and SMG are, for good

and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, conveying, assigning, transferring, and setting over to Pritchard, Coleman, and Zaointz all of their respective interests, claims, rights, and titles in, to, or against the Trusts or the Trusts assets such that, thereafter, Pritchard, Coleman, and Zaointz shall be the sole remaining beneficiaries of the Trusts.

Dated as of the first date above.

_____
KENT RIES, Trustee


_____
LESLIE PRITCHARD, Individually
and as Liquidator


_____
RANDY MARK "RUDAS" GALMOR


_____
MICHAEL BRANDON GALMOR, Trustee


_____
TRACI COLEMAN


_____
SHAWN ZAOINTZ