

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
**THE DATE OF ENTRY IS ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed July 21, 2022

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MICHAEL STEPHEN GALMOR, | § § | CASE NO. 18-20209-RLJ-7 |
| Debtor. | § § § | |

| | | |
|---|---|---|
| In re: | § § § | |
| THE LIQUIDATION OF THE GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, LLC, | § § § § | ADVERSARY NO. 19-2006 |

## ORDER APPROVING MULTI-PARTY SETTLEMENT

CAME ON FOR CONSIDERATION the *Motion of Leslie Pritchard to Approve Multi-Party Settlement* (the "Motion"), filed by Leslie Pritchard ("Pritchard"), the liquidator and manager of the Galmor Family Limited Partnership ("FLP") and its general partner, Galmor Management, LLC ("GM), pursuant to a prior judgment of liquidation entered by this Court. By the Motion, Pritchard requests authority from the Court to enter into a multi-party settlement on behalf of the FLP and GM, (the "Proposed Settlement"), pursuant to that certain *Mutual Settlement and Release Agreement*

attached to the Motion as Exhibit "A" (the "Agreement").  Capitalized terms used in this Order and not defined in this Order have the meanings assigned to them in the Agreement.

No party objected to the Motion by the deadline under the Local Rules for so doing.  Thus, the Court deems the Motion unopposed.  Based on the allegations in the Motion and the Court's familiarity with the underlying issues, and the Court's approval of the Agreement in the related bankruptcy case, the Court enters this Order.

The Court concludes that it has jurisdiction over the Motion and that all interested parties have consented to the Court's entry of final orders and judgments in this Adversary Proceeding, even though this Adversary Proceeding and the Motion are not core proceedings.  Therefore, this Order is a final order.  The Court finds that Pritchard properly, duly, and timely provided notice of the Motion to interested parties.  And, based on representations in the Motion, the evidence, the Court's familiarity with the issues, and the fact that all seemingly interested persons agree to the Proposed Settlement and are parties to the Agreement, that the Proposed Settlement and Agreement are proper, necessary, fair, and appropriate, and represent proper and sound exercises of Pritchard's business judgment.  As such, the Court finds and concludes that the Proposed Settlement and Agreement should be approved.  Accordingly, it is hereby:

ORDERED that the Proposed Settlement and Agreement are APPROVED in all respects; it is further

ORDERED that Pritchard is authorized to execute and deliver the Agreement, whereafter the Agreement shall control according to its terms and shall be binding on Pritchard, the FLP, and GM, and all potential creditors, parties, and interested persons in this Adversary Proceeding, and Pritchard is further authorized to deliver all documents and instruments and take all such other actions provided for in the Agreement or necessary to implement the Agreement and to carry out her obligations under the Agreement; it is further

ORDERED that all payments to be made under the Agreement are approved and that, provided the Agreement is otherwise approved by this Court in the respective bankruptcy cases, Kent Ries, Trustee (the "Trustee") is ordered and directed to deliver the FLP Payment from the Real Estate Proceeds to Pritchard as set forth in the Agreement, and Pritchard is authorized to make all distributions and payments from the FLP Payment as provided for in the Agreement, including to herself; it is further

ORDERED that the G&G Payment shall be deemed for all purposes to be the payment by the FLP of an alleged debt to the G&G Estate, and not a direct or indirect distribution from the FLP or the Trusts, and the subsequent payment from the G&G Payment to RMG shall likewise not be deemed a direct or indirect distribution from the FLP or the Trusts; it is further

ORDERED that the Supplemental Pritchard Payment shall be deemed for all purposes to be the payment by the FLP of debt claims to Pritchard for her prior, present, and future funding of the FLP and compensation to her for her time, and not a direct or indirect distribution from the FLP or the Trusts, but the Supplemental Pritchard Payment shall remain liable for all potential liabilities as provided for in the Agreement, without prejudice to the rights of any alleged creditor of the FLP to seek the full payment of any allowed claim from the FLP; it is further

ORDERED that the payments by Pritchard from the FLP Payment of $150,000 each to Pritchard, Coleman, and Zaointz shall be deemed for all purposes to have been made by the Trusts to their beneficiaries, after a distribution by the FLP to the Trusts pursuant to the Trusts' equity ownership interests in the FLP; it is further

ORDERED that the Trustee is released and discharged as co-liquidator of the FLP and that he shall have no further obligations under that certain *Agreed Judgment: (i) Ordering Supervised Liquidation of Texas Entities; and (ii) Appointing Managers of the Same; and (iii) Severing Remaining Claims* [docket no. 26], including to provide any accounting or final report, and that he is

hereby exculpated from any and all potential claims for negligence that may exist or be alleged with respect to his liquidation of the FLP's property, and that he shall be indemnified as provided in the Agreement, and that, thereafter, Pritchard shall be the sole liquidator of the FLP and GM, including with respect to any real property thereof; it is further

ORDERED that nothing in this Order or in the Agreement shall prejudice any potential alleged claim against the FLP, and all rights of any such potential claimant are preserved notwithstanding anything contained in this Order or in the Agreement to the contrary; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible to interpret and enforce this Order and the Agreement.

### END OF ORDER ###